PEOPLE *v*. DEPEW.

1. CRIMINAL LAW—INTENT TO COMMIT A CRIME—DRUNKENNESS AS A DEFENSE—QUESTION FOR JURY. —

While, in general, voluntary drunkenness is not an excuse for the commission of crime, proof that the accused was intoxicated is permissible and competent for the jury to consider, in connection with all other attending circumstances, for whatever light it may throw on the question of intent in that class of cases where the statute makes the offense consist of an act combined with a particular criminal intent beyond the act done.

2. SAME—BURGLARY—INSTRUCTIONS—TRIAL.

In a prosecution for breaking and entering a store in the nighttime with intent to commit the crime of larceny, where the defense was intoxication rendering defendant incapable of entertaining any such criminal intent as the law required to be shown to establish said offense, the charge of the court to the jury, while not in all particulars a model charge, considered in its entirety, *held*, not misleading and to fairly present said question to the jury.

3. SAME—SPECIFIC INSTRUCTIONS NOT REQUESTED.

Where the charge as given was not misleading and as a

whole fairly presented the issue to the jury, the court cannot be said to have erred in not giving specific instructions, in the absence of any request therefor.

Error to recorder's court of Detroit; Heston (William M.), J.   Submitted June 16, 1921.   (Docket No. 106.)   Decided July 19, 1921.

John Depew was convicted of breaking and entering a store in the nighttime, with intent to commit the crime of larceny, and sentenced to imprisonment for not less than 5 nor more than 15 years in the State prison at Jackson.   Affirmed.

*Thomas J. Mahon* (*Francis J. Mahon*, of counsel), for appellant.

*Merlin Wiley*, Attorney General, *Paul W. Voorhies*, Prosecuting Attorney, and *Herman H. Greenberg*, Assistant Prosecuting Attorney, for the people.

STEERE, C. J.   Defendant was tried and convicted in the recorder's court of the city of Detroit under an information charging him with breaking and entering a designated store on Jefferson avenue in the nighttime with intent to there commit the crime of larceny. The undisputed testimony of the prosecution as to the event was short and direct.   On the night in question a man and wife named Ashman, who occupied basement apartments in a flat about 30 feet east of the store in question and had retired for the night, were aroused shortly before midnight by a sound of breaking glass and from their darkened room saw two men engaged in breaking into a side window of the store.   A telephone message to the police department was promptly responded to by officers who came in an automobile and caught the two men in the act. Defendant was just then busy helping his partner into the store through a broken window.   When the

officers suddenly came upon them defendant called a warning to the other man and ran. Both tried to escape but were quickly caught by the officers. Four witnesses of the people testified to seeing the two men in the act of breaking and entering, and positively identified defendant as one of them.

On the trial defendant did not take the stand in his own behalf. He called but one witness who knew nothing of the transaction but testified he had known defendant for a long time and saw him that night in a place on Franklin street at about a quarter to 10 o'clock and he was then "very drunk * * * staggered around * * * started to sleep" and was "practically helpless." Based on this testimony it was claimed for defendant that he was too intoxicated at the time of the alleged offense to entertain any such criminal intent as the law requires to be shown to establish the offense charged. None of plaintiff's witnesses observed any indications that defendant was under the influence of liquor. Mrs. Ashman, who first discovered the men, stated that when she was aroused by the noise and looked out of her window, which was partly above the ground, she saw the two men breaking into the store window, and said of defendant:

"When I first saw John Depew, he walked to the street to see if any one was coming. Then I saw him break the glass and help the other fellow up to the window."

Two officers who arrested and had him in custody testified that when he saw their car stop and one of them start to get out defendant was quick to warn his partner and start to run down a driveway, but was caught by one of the officers as he turned a corner; that he did not stagger, ran all right, and while they detected an odor of liquor on his breath he was not intoxicated.

No complaint is made of any ruling on admission

or rejection of testimony or other proceedings of the trial, except a portion of the court's charge on the subject of intoxication and its relation to intent. The only assignment of error urged or argued in defendant's brief is directed to a quoted excerpt from the charge on that subject, and it is argued the court did not fairly submit to the jury the theory of the defense, nor sufficiently explain the significance of intoxication as bearing on intent where the offense charged consists of an unlawful act done with intent to commit a more serious offense than that actually accomplished.

In support of their contention counsel cite and quote at length from *Roberts* v. *People,* 19 Mich. 401, a leading case upon the subject in this State, wherein Justice CHRISTIANCY discusses the question at length and makes clear the rule that while in general voluntary drunkenness is not an excuse for commission of crime, proof that the accused was intoxicated is permissible and competent for the jury to consider, in connection with all other attending circumstances, for whatever light it may throw on the question of intent in that class of cases where the statute makes the offense consist of an act combined with a particular criminal intent beyond the act done.

In the *Roberts Case* the charge was assault with intent to commit the crime of murder, which involved premeditated killing of a human being with malice aforethought. It appeared defendant had been drinking heavily and claimed that he was at the time of the assault so intoxicated as to be incapable of realizing the nature of his acts or form such an intent as charged. His counsel presented requests for instruction that the jury should consider as bearing upon such intent evidence of his intoxication, claimed to show him then totally deprived of his rational mentality. Those requests were refused and the court instructed to the contrary on the general proposition

that voluntary intoxication could not be recognized as excusing crime, for which reason the case was reversed and a new trial granted.

In the instant case no requests to charge were offered for defendant. He was allowed to introduce, without objection, testimony that he was intoxicated earlier in the evening, which the court submitted to the jury as proper to consider in deciding the question of intent, and of its own motion gave the following instructions upon that branch of the case:

"There has also been some testimony to show that the respondent at bar was in a state of intoxication at the time this happened. I charge you, gentlemen of the jury, that voluntary drunkenness is not an excuse for the commission of crime. If that were true, all that any one of you would have to do, if you were angry at one of your fellow jurors and had murder in your heart, I say all that would be necessary for you to do would be to secure a certain quantity of whisky, enough to place you in a state of intoxication, and after you had become intoxicated, you could slay your enemy and be excused in the law. For that reason, gentlemen of the jury, the authorities hold that voluntary drunkenness is not an excuse for crime. However, there cannot be a crime committed unless the respondent—that a man charged with the commission of a crime had an intent, had sufficient control over his mental faculties so that he realized that he was committing an offense.

"As bearing upon the intent in this case, gentlemen of the jury, you have a right to take into consideration the conduct of the respondent previous to the commission of the alleged offense, the manner in which he committed the offense, if he did commit it, and the manner in which he escaped or endeavored to escape after the arrival of the officers."

While not in all particulars a model charge, considered in its entirety this instruction was not misleading. It fairly advised the jury in effect that defendant's claim of intoxication should be considered

215—Mich.—21.

and weighed in connection with the other circumstances shown, as bearing on the question of intent, and if he was thereby deprived of control of his faculties so as to not realize he was committing an offense nor capable of entertaining an intent he could not be convicted of the offense charged. The following reflections in *Driscoll* v. *People*, 47 Mich. 413, are applicable to the situation presented here.

"No specific instructions were asked by the respondent, and the court cannot be held to have erred in not giving them, so long as the charge actually given was not misleading. Upon a review of the whole charge we think the issue was fairly presented and the jury sufficiently warned to be careful in their conclusions."

This record considered in its entirety does not affirmatively indicate any miscarriage of justice resulting from error in the charge or otherwise.

The judgment will stand affirmed.

MOORE, WIEST, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.