### PEOPLE v. CORDS.

CRIMINAL LAW—EVIDENCE—MISCONDUCT OF PROSECUTOR PREJUDICIAL.

> In a prosecution for statutory rape, the conduct of the prosecuting attorney in injecting into the case incompetent testimony after repeated rulings by the court excluding same, *held*, reversible error.[1]

Error to Shiawassee; Collins (Joseph H.), J. Submitted June 12, 1925. (Docket No. 96.) Decided December 22, 1925.

Edward Cords was convicted of statutory rape, and sentenced to imprisonment for not less than 12 nor more than 15 years in the State prison at Jackson. Reversed.

*Chandler & Friegel,* for appellant.

*Leon F. Miner,* Prosecuting Attorney, for the people.

[1]Criminal Law, 17 C. J. § 3638.

WIEST, J. Defendant was convicted of the crime of rape upon a 12-year old girl residing at his home in the country, and prosecutes review by exceptions after sentence. The learned circuit judge endeavored to keep error out of the case but the prosecuting attorney succeeded in getting before the jury the very matters the judge, by rulings, excluded, and these were so prejudicial to the rights of defendant as to require us to grant a new trial.

We had occasion in *People* v. *Root,* 231 Mich. 239, to notice somewhat similar, but not so flagrant, acts of the prosecutor, and there held the error was cured by rulings and instructions, but in the case at bar the infractions were so persistent and successful in circumventing the rulings excluding incompetent testimony that we cannot let it pass. We state but one incident. At the trial character witnesses gave testimony in behalf of defendant. On cross-examination of defendant he was questioned about a bill for divorce, filed by his first wife 25 years before the offense here charged. We quote from the record:

"My first wife filed a bill for divorce in this court against me. Her name was Gusta and her lawyer was Tom Horseman.

"*Q.* Your lawyer was Jerome W. Turner?

"*A.* I didn't have no lawyer.

"*Q.* Didn't you appear in the case and contest the divorce?

"*A.* No, sir. I did not have any lawyer. I did not appear in the case and contest the divorce. I was married the last time the 25th of December, 1899, by a minister named Spadock, pastor of the St. Johns Church. My wife's name was Gage. Her first name was Edith.

"*Q.* Have you changed your habits any from the time you were living with your first wife from what they are today?

"*A.* Yes, sir.

"*Q.* You are a better man than you were then?

"*A.* I calculate to be.

*"Q.* Just how much better?

*"Mr. Chandler:* I object to that question.

*"The Court:* I will sustain it.

*"Q.* At that time, in regard to your habit of using intoxicating liquors?

*"A.* Sometimes. It is different now than what it was then. I don't touch anything. I did at that time.

*"Q.* Your habit of running around with immoral women, how does that compare with what it was then?

*"A.* That was falsely accusing.

*"Q.* I ask for an answer to my question.

*"Mr. Chandler:* That was fair. He asked how it was different.

*"Mr. Miner:* Now than what it was then.

*"The Court:* He said it was false. Proceed.

*"Q.* She did accuse you at that time of running around with lewd and immoral women?

*"Mr. Chandler:* I object to it as incompetent and immaterial.

*"The Court:* I think what she accused him of would be—

*"Q.* She alleged in her bill for divorce upon which a divorce was granted against you in this court, that you were running around with lewd and immoral women, did she not?

*"Mr. Chandler:* I object to it as incompetent and immaterial.

*"The Court:* What she alleged in her bill of complaint I don't think would be competent.

*"Mr. Chandler:* I take an exception to this, trying to force something in the record that is prejudicial.

*"Q.* Were you present when she was sworn and got her divorce?

*"A.* No, sir.

*"Mr. Miner:* On the question of whether or not he had an attorney in this matter at the time this divorce—or I wish to offer in evidence part of file No. 3019. State of Michigan, county of Shiawassee, in chancery. In case of Agusta Courts *v.* Edward Courts. Stipulation waiving notice filed October 4, 1898. J. H. Collins, deputy county clerk.

*"Mr. Chandler:* As to that I object to it. He didn't say he didn't have an attorney. I understood he said he had an attorney, told who it was.

"*The Court:* No, he said he didn't have an attorney.

"*Mr. Miner:* I asked if Jerome W. Turner was his attorney, he said not.    Here is a piece of paper signed by Jerome W. Turner, solicitor for defendant.

"*The Court:* What materiality is it in this case whether he had an attorney or whether he didn't? This is collateral matter as to this case.    This is a very remote matter.    It is 1898.

"*Mr. Miner:* Character witnesses went as far back as 25 or 30 years.    They said they didn't know anything against him, and said he had always been a good American citizen and the reputation was good. The purpose of the examination is to show at the time he was living with his first wife that she obtained a divorce from him and the grounds of divorce were set out in the bill of divorce, and that this decree was granted, and that he had an attorney, but did not contest the case.    That is the purpose of this examination.

"*Mr. Chandler:* Whether that was true, how would that affect it one way or the other?    What has it got to do with it?

"*The Court:* I will sustain it."

The defendant had a right to a trial in accordance with the rules of evidence, unhampered by a circumvention thereof under statements of improper offers, followed by endeavors to get the excluded matters before the jury, and successful to a point beyond possible elimination by instructions to the jury.    We think the virus of such prejudicial matter inoculated and the prejudice thereof ran its course regardless of remedies applied.

The conviction is reversed and a new trial granted. The defendant is remanded to the custody of the sheriff of the county of Shiawassee to await such further proceedings as may be proper.

MCDONALD, C. J., and BIRD, MOORE, STEERE, and FELLOWS, JJ., concurred.    SHARPE, J., concurred in the result.    CLARK, J., did not sit.