PEOPLE *v.* TOLEWITZKE.

1. CRIMINAL LAW — PREJUDICE — INFLAMMATORY STATEMENTS BY PROSECUTOR.

Reversible error is not made out upon prosecutor's alleged prejudicial, incompetent and inflammatory statements in the presence of the jury in prosecution for statutory rape, where no specific objectionable statements are mentioned and it is impossible to determine from the record upon what statements defendant relies (CL 1948, § 750.520).

2. WITNESSES—REPUTATION FOR TRUTH AND VERACITY—REBUTTAL TESTIMONY—ADMISSIBILITY.

Rebuttal testimony as to reputation of a witness for truth and veracity is permissible only when an attack has been made upon the reputation of the witness.

3. CRIMINAL LAW—REPUTATION OF COMPLAINING WITNESS FOR TRUTH AND VERACITY—REBUTTAL TESTIMONY.

Whether or not there was error in the admission of rebuttal testimony in prosecution for statutory rape regarding the reputation of the complaining witness for truth and veracity is not determined, where the record on appeal is not complete and it cannot be determined whether the reputation of such witness had been put in issue (CL 1948, § 750.520).

4. SAME—INSTRUCTIONS—REQUESTS TO CHARGE.

It is the duty of the trial judge to charge the jury accurately in a prosecution for crime as to what must be proved in order to establish the elements of the crime, notwithstanding absence of requests so to charge (CL 1948, § 708.29).

5. RAPE—INSTRUCTIONS.

Jury *held*, sufficiently informed as to its duty to determine whether or not defendant had committed the crime of statutory rape and on date stated in the information when charge as a whole

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 376; 53 Am Jur, Trial §§ 503, 505.
[2] 58 Am Jur, Witnesses § 562.
[4] 53 Am Jur, Trial §§ 514, 639.
[6] 58 Am Jur, Witnesses § 765.
[7] 14 Am Jur, Criminal Law §§ 129–132; 53 Am Jur, Trial § 35.

is considered, where the trial judge read the information to the jury, it contained the date of the offense and he several times thereafter referred to "the act" (CL 1948, § 750.520).

6. Same—Abuse of Character of Witness.

Prejudicial and reversible error was committed in trial for statutory rape, where prosecutor was permitted on cross-examination of sister of victim, a defense witness, to show that, notwithstanding she had sued her husband for divorce more than 2 years theretofore, she was still living in the same home with him (CL 1948, § 750.520).

7. Constitutional Law—Fair Trial.

A defendant in a prosecution for crime is entitled to a fair trial notwithstanding he may be charged with a heinous offense.

Appeal from Recorder's Court of the City of Detroit; Ide (O. Z.), J. Submitted January 17, 1952. (Docket No. 91, Calendar No. 44,952.) Decided March 6, 1952.

George E. Tolewitzke was convicted of statutory rape. Reversed and new trial granted.

*John McIntosh,* for appellant.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Gerald K. O'Brien,* Prosecuting Attorney, and *Joseph A. Sullivan,* Assistant Prosecuting Attorney, for the people.

Bushnell, J. Defendant George E. Tolewitzke was granted leave to appeal from a sentence of 2 to 10 years after conviction by a jury of the crime of statutory rape.*

The record is scanty and insufficient. It only contains a portion of the material testimony, notwithstanding the certificate of the trial judge that the bill of exceptions "constitutes the testimony taken

---

* CL 1948, § 750.520 (Stat Ann § 28.788).—Reporter.

and the proceedings had in said cause and the whole thereof."

Appellant claims that "prejudicial, incompetent and inflammatory" statements were made by the prosecutor in the presence of the jury. No specific objectionable statements are mentioned, and it is impossible to tell from the mere reference to record pages upon what statements defendant relies.

Error is claimed in permitting the people to introduce rebuttal testimony regarding the reputation of the complaining witness for truth and veracity. Rebuttal testimony of this nature is permitted only when an attack has been made upon the reputation of a witness. See *People* v. *Olmstead,* 30 Mich 431, 436; *People* v. *Smith,* 122 Mich 284; 58 Am Jur, p 454; 15 ALR 1066; and 33 ALR 1220. The record is not complete and we cannot determine from it whether the reputation of the complaining witness for truth and veracity was put in issue. We are therefore unable to determine this question.

Error is asserted because the trial judge did not charge the jury that before conviction could be had the people were required to prove beyond a reasonable doubt that the alleged offense was committed upon the date stated in the information. No request was made for such charge.

"The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused." CL 1948, § 768.29 (Stat Ann § 28.1052).

See, also, Court Rule No 37, § 9 (1945). This, however, must be read in connection with other language of the same section, which requires the court to instruct the jury as to the law applicable to the case.

We said in *People* v. *MacPherson,* 323 Mich 438, 448:

"The provisions quoted must be construed together, and in the light of constitutional guaranties designed to protect the rights of one accused of crime, and also in connection with other provisions of the criminal code. It is the duty of a trial court in charging a jury as to the elements of an offense, and what must be proved in order to establish such elements, to do so accurately. The proper protection of the rights of an accused on trial requires this to be done. *People* v. *Prinz,* 148 Mich 307."

The charge as given was not erroneous, because the trial judge read to the jury the information which contained the date of the offense. He referred several times in his charge to "the act." In the light of the charge as a whole the jury was sufficiently informed of its duty to determine whether or not the defendant had committed the crime charged and on the date stated.

Error is claimed with respect to the cross-examination of a defense witness, Eleanor Wilburn, the sister of the complaining witness. Questions were put to this witness by the prosecutor for the purpose of showing that she had sued her husband for divorce more than 2 years before the instant trial and was still living in the same home with him.

The people in their brief admit that courts have "properly and consistently held that witnesses have a right to be protected from abuse by improper questioning and gratuitous attacks on character by counsel." They cite *Rickabus* v. *Gott,* 51 Mich 227, which was an appeal from a probate order disallowing a will. In that case contestant's counsel suggested that proponent's son was born very soon after her marriage, and counsel was permitted to ask the witness whether he had heard the proponent say so.

The court held that this testimony had no legal connection with the question being tried, and the

end to which it was obviously directed was utterly indefensible and resulted in an unfair trial.

In *People* v. *Gotshall,* 123 Mich 474, an arson case, the court, after quoting at length from the testimony, said:

"While it is the well-settled rule that the previous life and character of a witness may be inquired into to elicit facts which may aid the jury in determining what credence they will attach to his testimony, yet it is the duty of the courts to keep such examinations within reasonable bounds. When it is manifest that the design or effect of the questions is not to elicit facts, but to cast suspicion upon the character and credibility of the witness, courts must intervene, or trials will result in a miscarriage of justice."

In *People* v. *Lieska,* 161 Mich 630, the Court held that insinuations and questions which have a tendency to prejudice the jury as to the respondent's witnesses and relating to irrelevant matters warrant a reversal on the ground that respondent did not have a fair trial. See, also, *People* v. *Cahoon,* 88 Mich 456, 461; *People* v. *Huff,* 173 Mich 620; and *People* v. *Cords,* 232 Mich 620.

Despite the prevalence of divorce, the suggestion that the defendant's witness was living with her husband illicitly during the pendency of a divorce action could easily prejudice the jury, especially in a case of this nature. Regardless of the heinous character of the offense with which defendant was charged he is entitled to a fair trial.

The conviction is reversed and the case is remanded for a new trial.

North, C. J., and Dethmers, Butzel, Carr, Sharpe, Boyles, and Reid, JJ., concurred.