## PEOPLE v. GUILLETT.

1. CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT RAPE—INTENT —INTOXICATION—INSTRUCTION.

   Charge to jury in prosecution for assault with intent to commit rape that, in effect, any and all evidence of defendant's intoxication had no bearing on his guilt of the crime charged was erroneous, since it was only a half-truth and whether or not state of intoxication was such as to render defendant incapable of entertaining particular intent involved, was a question for jury (CLS 1952, § 750.85).

2. SAME—SPECIFIC INTENT—INTOXICATION.

   Intoxication may negative the existence of an intent to commit a crime involving a specific intent.

3. SAME—INTOXICATION—SPECIFIC INTENT.

   Voluntary intoxication will not excuse one from the consequences of his act but it may have rendered the person charged with crime incapable of entertaining the intent necessary to be guilty of a crime involving a specific intent.

4. SAME—ASSAULT WITH INTENT TO COMMIT RAPE—SPECIFIC INTENT.

   The crime of assault with intent to rape involves a specific intent (CLS 1952, § 750.85).

---

* Continued from volume 341.

REFERENCES FOR POINTS IN HEADNOTES

[1, 4]  44 Am Jur, Rape § 24.
[2, 3]  15 Am Jur, Criminal Law § 340.
[5]  53 Am Jur, Trial §§ 513, 514.
[5, 6]  Duty in instructing jury in criminal prosecution to explain and define offense charged.  169 ALR 315.
[6]  53 Am Jur, Trial § 639.
[7]  27 Am Jur, Indictments and Informations § 194.
   53 Am Jur, Trial § 800.

5. SAME—INSTRUCTIONS—REQUEST TO CHARGE—CONSTRUCTION OF STATUTES.
    Portion of code of criminal procedure providing that the failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused must be read with other language in the same section requiring the trial judge to instruct the jury as to the law applicable to the case, hence, even in the absence of a request, a case may still be reversed because (1) the charge omits a legally-essential ingredient or (2) the charge given is erroneous or misleading (CL 1948, § 768.29).

6. SAME—INSTRUCTIONS—STATEMENT AS TO ELEMENTS OF CRIME.
    A charge to the jury stating some elements of a crime but omitting others would have a natural tendency to cause a jury to believe that those stated were exclusive and would be prejudicial.

7. SAME—CONVICTION OF LESSER OFFENSE—INSTRUCTION.
    A jury may find an accused guilty of a lesser offense than the one charged and the trial court's affirmative exclusion of lesser offenses from consideration by the jury constitutes reversible error (CL 1948, § 768.32).

8. SAME—ASSAULT WITH INTENT TO COMMIT RAPE—SENTENCE.
    Sentence of 7-1/2 to 10 years upon person convicted of assault with intent to commit rape was within maximum provided by statute (CLS 1952, § 750.85).

Appeal from Genesee; Gadola (Paul V.), J. Submitted January 24, 1955. (Docket No. 63, Calendar No. 45,764.) Decided March 9, 1955.

Lawrence Guillett was convicted of assault with intent to rape. Reversed and remanded.

*Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Jerome G. O'Rourke,* Prosecuting Attorney, and *Robert A. Steadman,* Assistant Prosecuting Attorney, for plaintiff.

*Lawrence Guillett, in propria persona.*

Butzel, J.    Lawrence Guillett was informed against for assault with intent to commit rape. He pleaded not guilty and was tried in circuit court where a jury found him guilty of the crime charged. Appellant *in propria persona* has appealed from his conviction on various grounds. The complainant had agreed to spend an evening with him. He, with 2 other friends, called for her and they visited a tavern where each of them consumed 3 glasses of beer. She and appellant then went to the home of the latter's parents, and later purchased a bottle of wine out of which she took 1 glass which she only partially consumed while he apparently finished the bottle. They sat together on a davenport and he made indecent advances which she repulsed. After she arose he then struck her, knocked her down and continued his attempt to commit rape. During a struggle she grabbed a telephone receiver and struck him so many blows on the head that he required hospitalization. She then escaped, ran across the road and the police and an ambulance were summoned. Appellant's mother testified that he had been drinking for several days and that he had come home drunk earlier that day, but she left him to go to work shortly after 3 p. m. His father said that he appeared "dozy."

In view of the testimony the trial judge in his charge to the jury stated:

"Now, there has been injected here to a great extent, the question of intoxication. I will give you an instruction on that.

"It is a well-settled law in this State that voluntary drunkenness is not a defense to crime. A man who puts himself in a position to have no control over his actions must be held to intend the consequences. The safety of the community requires this rule. Intoxication is so easily counterfeited, and, when real, is so often resorted to as a means of nerv-

ing a person up to the commission of some deliberate act, and withal is so inexcusable in itself, that the law has never recognized it as an excuse for crime.

"In the case of an offense such as the one charged, committed during a period of intoxication, the law presumes the defendant to have intended the obscuration and perversion of his faculties which followed his voluntary intoxication. He must be held to have purposely blinded his moral perception and set his will free from the control of reason—to have suppressed the guards and invited the mutiny; and should therefore be held responsible as well for the vicious excesses of the will thus set free as for the acts done by its prompting."

Defendant has assigned error on the ground that the charge as given was incomplete and therefore misleading because it failed to state that intoxication may serve to negative the existence of the intent required for conviction of the crime charged. We are thus faced with 2 questions: (1) Was the charge erroneous; and (2), if so, did it constitute reversible error in view of the fact that no requests to charge were offered?

We must conclude that the charge was erroneous. In *Roberts* v. *People,* 19 Mich 401, 418, 420, the defendant was convicted of assault with intent to commit murder. On appeal, after considering the necessity for finding intent in fact, or specific intent, Justice Christiancy discussed the issue of whether drunkenness might negative the existence of that intent. He concluded:

"In determining the question whether the assault was committed with the intent charged, it was therefore material to inquire whether the defendant's mental faculties were so far overcome by the effect of intoxication, as to render him incapable of entertaining the intent. And for this purpose, it was the right and the duty of the jury—as upon the question of intent of which this forms a part—to take into con-

sideration the nature and the circumstances of the assault, the actions, conduct and demeanor of the defendant, and his declaration before, at the time, and after the assault; and especially to consider the nature of the intent, and what degree of mental capacity was necessary to enable him to entertain the simple intent to kill, under the circumstances of this case—or, which is the same thing, how far the mental faculties must be obscured by intoxication to render him incapable of entertaining that particular intent.   *   *   *

"But the circuit court held, in effect, that no extent of intoxication could have the effect to disprove the intent; treating the intent as an inference of law for the court, rather than a question of fact for the jury. In this we think there was error."

A consideration of later Michigan authority reveals that *Roberts* v. *People, supra,* remains as the most eloquent and correct statement of law on the subject. Thus in *People* v. *Walker,* 38 Mich 156, 158, Justice COOLEY wrote an opinion reversing a conviction of larceny stating:

"While it is true that drunkenness cannot excuse crime, it is equally true that when a certain intent is a necessary element in a crime, the crime cannot have been committed when the intent did not exist. In larceny the crime does not consist in the wrongful taking of the property, for that might be a mere trespass; but it consists in the wrongful taking with felonious intent; and if the defendant, for any reason whatever, indulged no such intent, the crime cannot have been committed. This was fully explained by Mr. Justice CHRISTIANCY in *Roberts* v. *People,* 19 Mich 401, and is familiar law."

And in the following cases this rule has been recognized and applied. *People* v. *Haley,* 48 Mich 495; *People* v. *Peterson,* 166 Mich 10; *People* v. *Eggleston,* 186 Mich 510; *cf., People* v. *Depew,* 215 Mich 317; *People* v. *Toner,* 217 Mich 640 (23 ALR 433);

also, see *People* v. *Murray*, 72 Mich 10. It is to be noted that we are here concerned with intoxication insofar as it might negative the requisite intent, as distinguished from insanity or delirium tremens brought on by intoxication, the latter, if present, being a complete excuse rather than a partial one, as here. For this distinction, see *People* v. *Toner, supra; Roberts* v. *People, supra; Director of Public Prosecutions* v. *Beard* [1920] AC 479 (12 ALR 846).

It is important in this decision to emphasize that intoxication may only negative the existence of *specific intent.* Examination of the cases reveals that where the rule was applied, it was done so in cases where the crime charged also involved a specific intent. Apparently the trial judge in the instant case did not realize this. For the most part his charge was in the exact words of Justice Cooley in *People* v. *Garbutt,* 17 Mich 9 (97 Am Dec 162). However, it should have been noted that the crime involved in that case was murder, not a specific-intent crime, or as was said in *Roberts* v. *People, supra,* at 417:

"The correctness of the principle laid down by this Court in *People* v. *Garbutt,* 17 Mich 9, 19, is not denied; that 'a man who voluntarily puts himself in condition to have no control of his actions, must be held to intend the consequences.' But this, it is insisted, includes only the consequences which do actually ensue—the crime actually committed; and not in this case the intent charged, if the defendant was at the time incapable of entertaining it, and did not in fact entertain it.

"We think this reasoning is entirely sound, and it is well supported by authority."

The crime of assault with intent to rape involves a specific intent. *People* v. *Dowell,* 136 Mich 306; see *People* v. *Richardson,* 224 Mich 66; CLS 1952,

§ 750.85 (Stat Ann 1953 Cum Supp § 28.280). The charge was therefore erroneous.

Plaintiff contends, however, that such is not reversible error because appellant failed to request such an instruction under CL 1948, § 768.29 (Stat Ann 1954 Rev § 28.1052), which provides in part:

"The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused."

This part of the statute must be construed together with other language in the same section requiring the judge to "instruct the jury as to the law applicable to the case." *People* v. *Tolewitzke,* 332 Mich 455. Therefore, even with the request absent, a case may still be reversed because the charge omits a legally essential ingredient. *Cf., People* v. *Prinz,* 148 Mich 307; *People* v. *Kanar,* 314 Mich 242; *People* v. *Brott,* 163 Mich 150; *People* v. *Murray,* 72 Mich 10. This has been true both prior to and after the enactment of the above-quoted statute. Similarly, as is the case here, without a request, a case may be reversed because of an erroneous or misleading charge as opposed to one which merely omits a pertinent though not legally necessary point. *People* v. *MacPherson,* 323 Mich 438.

The case of *People* v. *Jones,* 228 Mich 426, is in point. There the defendant was convicted of assault with intent to kill under a charge to the jury substantially the same as the one given in the instant case. We reversed the conviction on the ground that the charge was erroneous in the light of *Roberts* v. *People, supra.* The record in that case reveals that no requests to charge were offered and the necessity therefore was a point argued in the briefs on appeal. While the court did not discuss the issue in its opinion, by reversing the conviction they must have concluded that requests were not necessary.

Had the court in the instant case remained silent about intoxication it is possible, though we do not here decide it, that we would not have reversed, either because no requests had been made (intoxication apparently not being important enough to warrant a charge without a request, see *People* v. *Prinz, supra; People* v. *Kanar, supra*), or because a request, even if offered, might have been correctly refused on the ground that the evidence of intoxication was insufficient to raise such a defense. *People* v. *Kirk,* 151 Mich 253.

The error here is one of omission. The charge is one of half-truth and misleading. The effect of the instruction given in this case was to instruct the jury that any and all evidence of intoxication had absolutely no bearing on appellant's guilt of the crime charged. It has been said that a charge stating some elements of a crime but omitting others "would have a natural tendency to cause a jury to believe that those stated were exclusive." *People* v. *MacPherson, supra,* at 452. It was, therefore, prejudicial to the appellant. It was reversible error.

The trial judge instructed the jury that they could return 1 of 4 verdicts, namely: guilty of assault with intent to commit rape, guilty of assault and battery, guilty of simple assault, or not guilty. The jury returned a verdict of "guilty as charged," whereupon the court stated:

"Just a minute. I did not instruct you to bring in a verdict 'guilty as charged.' You will have to go back and return a verdict, repeating either guilty of assault with intent to commit rape, guilty of assault and battery, guilty of simple assault. *I anticipate what your verdict is, you find him guilty of assault with intent to commit rape.* So if you will retire and prepare your verdict and come back with it in the proper way." (Emphasis added.)

The jury thereupon retired and 2 minutes later returned a verdict of "guilty of assault with intent to rape." Appellant has assigned error on the ground that the effect of the court's statement (italicized above) was to exclude from the consideration of the jury the possibility of returning a verdict of a lesser offense.

Under CL 1948, § 768.32 (Stat Ann 1954 Rev § 28.1055), which authorizes a jury to find an accused guilty of a lesser offense than the one charged, we have held that an affirmative exclusion of lesser offenses from the consideration of the jury is reversible error. *People* v. *Jones,* 273 Mich 430. Appellee claims that in view of the entire charge it was not reversible error. As it should not recur at a new trial, we need not pursue the question any further.

The question of whether the judge abused his discretion in sentencing appellant for a term of not less than 7–1/2 years nor more than 10 years, with a recommendation of 10 years, possibly may arise on a new trial. Before sentence, the court reviewed appellant's criminal record, giving him an opportunity to reply. It appeared that he has had criminal tendencies ever since his adolescence, having been arrested some 32 times and convicted frequently, twice for felonies one of them assault with intent to commit rape. It is sufficient to say that the sentence was within the maximum provided by statute. Many other questions are also raised by appellant but they have not sufficient merit for us to even consider them.

Because of the error in the charge herein referred to, the verdict and judgment are set aside and the case remanded for a new trial.

CARR, C. J., and SMITH, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.