PEOPLE v CROSBY

1. CRIMINAL LAW—AUTOMOBILES—NECESSARILY INCLUDED LESSER OF-
   FENSES.
   Unlawful use of an automobile is a necessarily included lesser
   offense of unlawfully driving away an automobile.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—NECESSARILY INCLUDED
   LESSER OFFENSES—REQUESTED INSTRUCTIONS.
   Failure of a trial court to give a requested instruction on a
   necessarily included lesser offense is reversible error.

3. CRIMINAL LAW—AUTOMOBILES—NECESSARILY INCLUDED LESSER OF-
   FENSES—INSTRUCTIONS TO JURY—PROSECUTOR'S OPTION.
   A conviction of unlawfully driving away an automobile should be
   reversed and the case remanded for entry of conviction of
   unlawful use of an automobile where a trial judge failed to give
   a requested instruction on unlawful use of an automobile as a
   necessarily included lesser offense of the charge of unlawfully
   driving away of an automobile; however, if the prosecutor is
   persuaded that the ends of justice would be better served, upon
   notification to the trial judge before resentencing, the trial
   court should vacate the judgment of conviction and grant a
   new trial on the original charge.

Appeal from Kent, George V. Boucher, J. Sub-
mitted February 7, 1978, at Grand Rapids. (Docket
No. 25761.) Decided March 20, 1978. Leave to
appeal applied for.

Danny L. Crosby was convicted of unlawfully
driving away an automobile. Defendant appeals.
Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *David H. Sawyer,*

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 75 Am Jur 2d, Trial §§ 876–882.

Prosecuting Attorney, and *Donald A. Johnston III,* Chief Appellate Attorney, for the people.

*George S. Buth,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and R. B. BURNS and ALLEN, JJ.

J. H. GILLIS, P. J. On May 13, 1975, defendant was found guilty by a jury of unlawfully driving away an automobile. MCLA 750.413; MSA 28.645. Defendant was sentenced to a prison term of from 3 years, 4 months, to 5 years on August 4, 1975. He appeals as of right.

Defendant raises this issue: Whether unlawful use of an automobile is a necessarily lesser included offense of unlawfully driving away an automobile.

The elements of the crime of unlawfully driving away an automobile, MCLA 750.413; MSA 28.645, are as follows:

1) The motor vehicle must have belonged to another.

2) *Possession* of the motor vehicle must have been taken.

3) Defendant must have driven or taken away the motor vehicle.

4) The taking of *possession* and the driving or taking away must have been done without authority.

5) Defendant must have intended to take unlawful *possession* of the vehicle and drive or take it away, knowing that he had no authority to do so. See *People v Shipp,* 68 Mich App 452, 455; 243 NW2d 18 (1976).

The elements of unlawful use of an automobile, MCLA 750.414; MSA 28.646, are as follows:

1) The motor vehicle must have belonged to another.

2) Defendant must have taken or used the motor vehicle.

3) The taking or using must have been done without authority.

4) Defendant must have intended to take or use the vehicle, knowing that he had no authority to do so.

MCLA 750.414; MSA 28.646 uses the phrase "without intent to steal". The absence of an intent to steal is not an element that the people must show beyond a reasonable doubt. This language merely indicates that the statute applies even though there is no intent to steal.

Taking *possession* of a motor vehicle without authority is prohibited by MCLA 750.413; MSA 28.645. Taking *possession* of a motor vehicle without authority is not prohibited by MCLA 750.414; MSA 28.646. Otherwise, the two statutes prohibit the same conduct and have the same elements. See *People v Blocker,* 45 Mich App 138, 142; 206 NW2d 229 (1973).

"Lawful possession" is not an element of the offense of unlawful use of an automobile. It is just that "unlawful possession" does not have to be shown to support a conviction for unlawful use of an automobile. Confusion concerning lesser offenses often results from an analysis which treats the absence of an element as a positive element of a crime. See *People v Chamblis,* 395 Mich 408, 424; 236 NW2d 473 (1975).

Unlawful use of an automobile is a necessarily lesser included offense of unlawfully driving away an automobile. Failure of the trial court to give a requested instruction on a necessarily lesser in-

cluded offense is reversible error. *People v Ora Jones,* 395 Mich 379, 390; 236 NW2d 461 (1975).

Conviction of unlawfully driving away an automobile is reversed and the case is remanded for entry of judgment of conviction of unlawful use of an automobile. If, however, the prosecuting attorney is persuaded that the ends of justice would be better served, upon notification to the trial court before resentencing, the trial court shall vacate the judgment of conviction and grant a new trial on the original charge. See *People v Lank Thomas,* 399 Mich 826; 249 NW2d 867 (1977).

We note that this case was tried before *People v Ora Jones, supra,* and we note that Judge Boucher is not clairvoyant, but in *People v Lank Thomas, supra,* defendant was convicted November 8, 1974, long before *People v Ora Jones* was released, and his conviction was reversed.

Remanded to the trial court for proceedings consistent herewith.