PEOPLE v LAUR

Docket No. 65559. Submitted August 2, 1983, at Lansing.—Decided
     August 31, 1983.

   Richard D. Laur was charged in Cheboygan Circuit Court with
   taking possession of and driving away a motor vehicle. Follow-
   ing a bench trial, the court, R. C. Livo, J., found defendant not
   guilty of the charged offense, concluding that defendant's intox-
   icated state negated a requisite specific intent. The court,
   however, did find defendant guilty of using a vehicle without
   authority but without intent to steal and sentenced him to two
   years probation. Defendant's motion for a new trial, wherein he
   contended that the trial court's findings on the issue of intoxi-
   cation should have precluded the trial court from finding the
   intent required to support the misdemeanor, was denied. Defen-
   dant appeals. *Held:*

      1. Using a vehicle without authority is a general intent
   crime, therefore voluntary intoxication is not available as a
   defense.

      2. The suggestion in the Criminal Jury Instructions that a
   specific intent instruction must be given when a defendant is
   charged with using a vehicle without authority but without
   intent to steal is not to be followed.

      Affirmed.

1. CRIMINAL LAW — DEFENSES — VOLUNTARY INTOXICATION — SPE-
     CIFIC INTENT CRIMES.

   Voluntary intoxication constitutes a defense to specific intent
   crimes.

2. CRIMINAL LAW — USING VEHICLE WITHOUT AUTHORITY WITHOUT
     INTENT TO STEAL — GENERAL INTENT — SPECIFIC INTENT.

   The crime of using a vehicle without authority but without intent

_____

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 54, 55.
   Modern status of the rules as to voluntary intoxication as defense
   to criminal charge. 8 ALR3d 1236.
[2] 7A Am Jur 2d, Automobiles and Highway Traffic § 348
[2, 3] 21 Am Jur 2d, Criminal Law §§ 129, 130.
   Asportation of motor vehicle as necessary element to support
   charge of larceny. 70 ALR3d 1202.

to steal is a general intent crime; general intent is the intent simply to do the physical act, whereas specific intent is a particular criminal intent beyond the act done (MCL 750.414; MSA 28.646).

3. Criminal Law — Criminal Jury Instructions — Using Vehicle Without Authority Without Intent To Steal — Specific Intent.

   The suggestion in the Criminal Jury Instructions that a specific intent instruction must be given when a defendant is charged with using a vehicle without authority but without intent to steal is not to be followed (CJI 24:2:01).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph P. Kwiatkowski,* Prosecuting Attorney, and *Mary C. Smith,* Assistant Attorney General, for the people.

State Appellate Defender (by *Terence R. Flanagan),* for defendant on appeal.

Before: Hood, P.J., and Cynar and P. J. Marutiak,* JJ.

Per Curiam. Defendant was convicted following a bench trial of using a vehicle without authority but without intent to steal, MCL 750.414; MSA 28.646. He was sentenced to two years probation and appeals as of right.

Defendant was originally charged with taking possession of and driving away a motor vehicle, MCL 750.413; MSA 28.645, a felony offense. The trial court issued an opinion finding defendant not guilty of the principal charge, concluding that defendant's intoxicated state negated the requisite specific intent. Defendant was, however, found guilty of using a vehicle without authority.

Defendant moved for a new trial, contending that the trial court's findings on the issue of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

intoxication should have defeated the intent required to support the misdemeanor, MCL 750.414; MSA 28.646. The court subsequently issued an opinion denying defendant's motion for a new trial. It held that while both the felony and misdemeanor were specific intent crimes, defendant's level of intoxication sufficed to negate only the intent element of the felony charge.

We affirm defendant's conviction for the reason that using a vehicle without authority is a general intent crime, and voluntary intoxication is thus not available as a defense.

Although uncertainty clouds the relationship between intoxication and criminal culpability, it is well established in Michigan that voluntary intoxication constitutes a defense to specific intent crimes. *People v Guillet,* 342 Mich 1; 69 NW2d 140 (1955); *Roberts v People,* 19 Mich 401 (1870). Whereas general intent is the intent simply to do the physical act, specific intent is "a particular criminal intent beyond the act done". *People v Langworthy,* 416 Mich 630, 639; 331 NW2d 171 (1982), citing *People v Depew,* 215 Mich 317, 320; 183 NW 750 (1921). The proper method of inquiry is to examine the statute at issue to see whether such a particular intent must be shown.

MCL 750.414; MSA 28.646 provides in relevant part:

"Any person who takes or uses without authority any motor vehicle without intent to steal the same, or who shall be a party to such unauthorized taking or using, shall upon conviction thereof be guilty of a misdemeanor."

To be convicted of this offense, a defendant must have intended to take or use the vehicle, knowing that he had no authority to do so. *People v Crosby,*

82 Mich App 1, 3; 266 NW2d 465 (1978), *lv den* 406 Mich 971 (1979). Here no intent is required beyond that to do the act itself; this is a general intent only. See, *e.g., People v Beaudin,* 110 Mich App 147; 312 NW2d 187 (1981). The requirement that the defendant possess knowledge that his use of the vehicle is unauthorized does not raise a specific intent. This knowledge element constitutes the *mens rea* of the offense, as the intentional use of a vehicle, without more, is not a proscribed act. As such the knowledge element in this case reflects only the general criminal intent necessary in most crimes. *People v Lane,* 102 Mich App 11, 14; 300 NW2d 717 (1980).[1]

Defendant relies in part upon *People v Lerma,* 66 Mich App 566; 239 NW2d 424 (1976), *lv den* 396 Mich 848 (1976), in which it was determined that the "joyriding" statute, MCL 750.413; MSA 28.645, was a specific intent crime. That decision was predicated upon considerations not present here and does not affect our result.

We hold that using a vehicle without authority, MCL 750.414; MSA 28.646, is not a specific intent crime. The suggestion in CJI 24:2:01 that a specific intent instruction must be given is not to be followed.

Affirmed.

---

[1] The use of the word "knowledge", or a form thereof, in a criminal statute will in some cases denote a specific intent, *People v American Medical Centers of Michigan, Ltd,* 118 Mich App 135, 153; 324 NW2d 782 (1982), *lv den* 417 Mich 985 (1983), while in other cases it will not, *People v Gleisner,* 115 Mich App 196; 320 NW2d 340 (1982). The context of its use will be determinative.