# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

CHRISTOPHER DEANTHONY GRIFFIN,

      Defendant-Appellant.

UNPUBLISHED
May 12, 2015

No. 320407
Wayne Circuit Court
LC No. 13-007792-FC

Before: TALBOT, C.J., and CAVANAGH and METER, JJ.

PER CURIAM.

A jury convicted defendant of carjacking, MCL 750.529a; unlawfully driving away an automobile (UDAA), MCL 750.413; and receiving or concealing a stolen motor vehicle, MCL 750.535(7). The trial court sentenced defendant to concurrent prison terms of 10 to 15 years for the carjacking conviction, and one to five years each for the UDAA and receiving-or-concealing convictions. Defendant appeals as of right, and we affirm.

The victim testified that he was carjacked late at night as he was parking his car along a street. The victim stated that a white van pulled up along the side of his vehicle and several individuals emerged from the van and demanded his wallet, car keys, and cellular telephone. The victim testified that defendant, the person who was standing closest to him, was one of the members of the group and was armed with a gun. The victim threw his wallet, keys, and telephone on the ground and ran. According to the victim, after throwing his backpack in his backyard, he observed defendant fumbling with the victim's car keys and then saw defendant get inside the victim's car and drive away. Less than two hours later, the police observed the victim's stolen vehicle traveling with its headlights off. They stopped the vehicle and arrested defendant, who was in the front passenger seat. Defendant gave a statement admitting that he was aware that the vehicle was stolen. The victim identified defendant in a police lineup as the person who carjacked him and again identified defendant at trial.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant argues through appointed counsel and in a pro se Standard 4 brief that there was insufficient evidence to establish his identity as a person who committed the charged crimes. In assessing a claim of insufficient evidence, we review the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Reese*, 491 Mich 127,

-1-

139; 815 NW2d 85 (2012). Circumstantial evidence and the reasonable inferences that arise from the evidence can constitute satisfactory proof of the elements of the crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999); *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008). It is for the trier of fact rather than this Court to determine what inferences can be fairly drawn from the evidence and to determine the weight to be accorded to the inferences. *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002); *People v Dunigan*, 299 Mich App 579, 582; 831 NW2d 243 (2013). Indeed, this Court will not interfere with the fact-finder's role of determining the weight of evidence or the credibility of witnesses. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992); *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012).

Defendant does not specifically challenge the elements of the individual offenses,[1] but argues that there was insufficient evidence to establish his identity as one of the perpetrators who carjacked the victim and drove away in his vehicle. He also asserts that without evidence that he was involved in the carjacking or drove away in the victim's vehicle, he could not be guilty of receiving or concealing a stolen motor vehicle because, at most, the evidence showed only that he was present in the stolen vehicle, not that he knew the vehicle was stolen. We disagree.

Identity is an element of every offense. *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). The prosecution must prove the identity of the defendant as the perpetrator of the charged offense beyond a reasonable doubt. *People v Kearn*, 6 Mich App 406, 409; 149 NW2d 216 (1967). The victim gave a description of defendant to the police, picked defendant out of a police lineup, and identified defendant at trial as one of the members of the group of assailants. According to the victim, defendant was the person who stood closest to him during the carjacking, and defendant made motions indicating that he would hit the victim with a gun. The victim also testified that defendant was the person he saw fumbling with the victim's keys and the person who eventually drove away in the victim's car. The victim's identification testimony, viewed most favorably to the prosecution, was sufficient to identify defendant as the person who carjacked the victim and drove off in the victim's vehicle. In addition, defendant

---

[1] The elements of carjacking are: "(1) that the defendant took a motor vehicle from another person, (2) that the defendant did so in the presence of that person, a passenger, or any other person in lawful possession of the motor vehicle, and (3) that the defendant did so either by force or violence, by threat of force or violence, or by putting the other person in fear." *People v Davenport*, 230 Mich App 577, 579; 583 NW2d 919 (1998). The elements of UDAA are: "(1) possession of a vehicle, (2) driving the vehicle away, (3) that the act is done willfully, and (4) the possession and driving away must be done without authority or permission." *People v Hendricks*, 200 Mich App 68, 71; 503 NW2d 689 (1994), aff'd 446 Mich 435 (1994). The elements of receiving or concealing a stolen motor vehicle are: (1) that the motor vehicle was stolen, (2) that the defendant bought, received, concealed, possessed, or aided the concealment of the vehicle, (3) that the vehicle is identified as the vehicle previously stolen, and (4) that the defendant had knowledge of the stolen nature of the vehicle at some time during his wrongful course of conduct. MCL 750.535(7); *People v Allay*, 171 Mich App 602, 608; 430 NW2d 794 (1988).

was discovered in the victim's vehicle less than two hours after the carjacking. The jury was entitled to credit the victim's identification testimony, and it could have rationally found that defendant was present in the stolen vehicle because of his involvement in the carjacking and thus was aware that it was a stolen vehicle and was involved in its continued possession. This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of the witnesses. *Eisen*, 296 Mich App at 331. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that defendant was one of the carjackers, that defendant drove away in the victim's vehicle, and that defendant was knowingly in possession of the stolen vehicle when it was stopped by the police.

## II. CRUEL OR UNUSUAL PUNISHMENT

Defendant next argues that his sentence for the carjacking conviction is unconstitutionally cruel or unusual under the United States and Michigan Constitutions. US Const, Am VIII; Const 1963, art 1, § 16. Defendant's sentence was within the applicable sentencing guidelines range of 81 to 135 months. Defendant did not argue below that a sentence within the guidelines range would be constitutionally cruel or unusual. Therefore, this issue is not preserved. *People v Hogan*, 225 Mich App 431, 438; 571 NW2d 737 (1997). Accordingly, we review this issue for plain error affecting defendant's substantial rights. *People v Kimble*, 470 Mich 305, 312; 684 NW2d 669 (2004).

Although MCL 769.34(10) provides that a sentence within the guidelines range must be affirmed on appeal absent an error in the scoring of the guidelines or reliance on inaccurate information in determining the sentence, this limitation on review is not applicable to claims of constitutional error. *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008). However, a sentence within the guidelines range is presumed to be proportionate, and a proportionate sentence is not cruel or unusual punishment. *Id*. To overcome the presumption that the sentence is proportionate, defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate. *People v Bowling,* 299 Mich App 552, 558; 830 NW2d 800 (2013).

Defendant argues that his sentence is cruel or unusual because of his age of 19 years, but he fails to explain why that factor should be considered unusual or why it renders his sentence disproportionate. Defendant was convicted of a serious offense, and the presentence report indicates that defendant has juvenile adjudications for another carjacking and fourth-degree fleeing or eluding in 2010. Defendant's past criminal record and the seriousness of his actions establish a pattern of violence and disregard for others. Defendant's age, 19 years, considered in conjunction with his prior criminal record and the gravity of the offense, is insufficient to overcome the presumptive proportionality of his sentence. *Id*. at 558-559.

Defendant also asserts that his sentence is cruel or unusual because of the "questionable reliability" of his conviction, suggesting that it was based on insufficient evidence. If evidence is legally insufficient to support a conviction, the remedy is to vacate that conviction, not mitigate any sentence imposed for that conviction. *Powell*, 278 Mich App at 323. As previously discussed, the evidence was sufficient to support defendant's convictions.

Defendant has not presented any circumstances rendering his sentence disproportionate. We reject defendant's claim that his sentence for carjacking is cruel or unusual.

### III. GREAT WEIGHT OF THE EVIDENCE

Defendant also argues in his Standard 4 brief that the jury's verdicts finding him guilty of carjacking, UDAA, and receiving or concealing a stolen motor vehicle were against the great weight of the evidence. Because defendant did not raise this issue in a motion for a new trial, it is unpreserved. *People v Bradshaw*, 165 Mich App 562, 565-566; 419 NW2d 33 (1988). Therefore, our review is limited to whether plain error occurred that affected defendant's substantial rights. *People v Horn*, 279 Mich App 31, 41; 755 NW2d 212 (2008); *People v Musser*, 259 Mich App 215, 218; 673 NW2d 800 (2003).

A new trial may be granted if a verdict is against the great weight of the evidence. *People v Brantley*, 296 Mich App 546, 553; 823 NW2d 290 (2012). In evaluating whether a verdict is against the great weight of the evidence, the question is whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand. *People v Lemmon*, 456 Mich 625, 627; 576 NW2d 129 (1998); *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008). A verdict may be vacated based on a "great weight" argument only when the verdict "does not find reasonable support in the evidence, but is more likely to be attributed to causes outside the record such as passion, prejudice, sympathy, or some extraneous influence." *People v DeLisle*, 202 Mich App 658, 661; 509 NW2d 885 (1993) (citation and quotation marks omitted).

Defendant argues that the jury's verdicts were against the great weight of the evidence because the victim's testimony was not credible. Absent compelling circumstances, the credibility of witnesses is for the jury to determine. See *Lemmon*, 456 Mich at 642-643. A reviewing court should defer to the jury's determination of credibility "unless it can be said that directly contradictory testimony was so far impeached that it was deprived of all probative value or that the jury could not believe it, or contradicted indisputable physical facts or defied physical realities[.]" *Id.* at 645-646 (citation and quotation marks omitted). Defense counsel presented the jury with potential bases for questioning the credibility of the victim's trial testimony by attempting to demonstrate apparent inconsistencies between the victim's testimony and his prior police statement and prior preliminary examination testimony. The victim had an opportunity to explain or clarify the alleged inconsistencies at trial. Moreover, conflicting testimony, standing alone, is an insufficient ground for granting a new trial. *Id.* at 647.

The jury was aware of the potential issues with the victim's credibility, and defense counsel had the opportunity to cross-examine the victim at length and present the credibility arguments to the jury. It was up to the jury to resolve the issue of the victim's credibility. There is nothing in the record to warrant the unusual step of overriding the jury's credibility determination. When viewing the victim's testimony in conjunction with the evidence that the police discovered defendant inside the victim's stolen vehicle less than two hours after it was stolen, and in conjunction with defendant's admission to the police that he knew the vehicle was stolen, we cannot conclude that the evidence preponderates so heavily against the jury's verdicts that it would be a miscarriage of justice to allow the verdicts to stand. No plain error is apparent.

-4-

Affirmed.

/s/ Michael J. Talbot
/s/ Mark J. Cavanagh
/s/ Patrick M. Meter