PEOPLE v NORMAN

Docket No. 103206. Submitted February 13, 1989, at Lansing. Decided
    April 3, 1989.

Jay Clark Norman was convicted by a jury in Oakland Circuit
    Court of possession of liquor in prison. Defendant subsequently
    pled guilty of being an habitual offender, fourth offense, and
    was sentenced to 1½ to 5 years of imprisonment on the
    habitual offender conviction, Francis X. O'Brien, J. Defendant
    appealed, claiming that the trial court abused its discretion in
    denying defendant's request for an adjournment of trial when
    one of his witnesses was unavailable due to illness, that defense
    counsel's failure to request an instruction on intoxication as a
    defense amounted to ineffective assistance of counsel, and that
    the trial court erred in failing to instruct the jury, sua sponte,
    on intoxication as a defense after instructing the jury that
    proof of specific intent was necessary for conviction.

    The Court of Appeals *held*:

    Proof of specific intent is not required for conviction under
    the statute which proscribes the possession of liquor in prison.

    1. The trial court did not abuse its discretion in denying
    defendant's motion for an adjournment. The proposed witness
    would have testified regarding defendant's alcoholism and
    blackouts. However, the testimony would have been cumulative
    in view of the admission of documentary evidence establishing
    defendant's alcoholism. The proffered testimony was also irrele-
    vant, since specific intent was not required for proof of the
    crime and a showing of defendant's alcoholism would only have
    been useful to prove inability to form specific intent.

    2. Because the offense with which defendant was charged is
    not a specific intent crime, defense counsel's failure to request
    an instruction on intoxication as a defense did not result in
    ineffective assistance.

    3. The trial court erred in instructing the jury that the
    offense in this case was a specific intent crime. However, the
    error was harmless.

    Affirmed.

REFERENCES
Am Jur 2d, Appeal and Error § 84; Criminal Law § 130.

1. TRIAL — ADJOURNMENT.

    The grant or denial of an adjournment of a trial rests within the sound discretion of the trial court; a trial court's decision to grant or deny an adjournment in a criminal case should be reversed on appeal only upon a finding of an abuse of discretion which resulted in prejudice to the accused.

2. CRIMINAL LAW — POSSESSION OF LIQUOR IN PRISON.

    Conviction under the statute which proscribes the possession of liquor in prison does not require proof of specific intent (MCL 800.281; MSA 28.1621).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Janice A. Kabodian,* Assistant Prosecuting Attorney, for the people.

*Paul M. Stoychoff,* for defendant on appeal.

Before: MURPHY, P.J., and WEAVER and McDONALD, JJ.

WEAVER, J. Defendant was convicted by a jury of possession of liquor in prison, MCL 800.281; MSA 28.1621. Defendant also pled guilty to being an habitual offender, fourth offense, MCL 769.12; MSA 28.1084. After vacating the sentence on defendant's underlying offense of possession of liquor in prison, the trial court sentenced defendant to a prison term of 1½ to 5 years on the habitual offender plea. Defendant appeals as of right. We affirm.

I

Defendant was caught with a sealed bottle of Arrow Peppermint Schnapps, an alcoholic liquor, which he had hidden in the groin area of his trousers upon his return to the Pontiac Correction Center where he resided as a new inmate. Testi-

mony adduced at trial indicated that when defendant returned to the center on August 29, 1986, at approximately 10:30 P.M., he appeared to be drunk. While engaging in a routine pat-down search of defendant, two officers discovered the bottle. During the search but prior to removal of the bottle from his pants, however, defendant denied possessing anything improper.

Following jury selection, defense counsel informed the court that a counselor from the Oakland County Jail, who purportedly was familiar with defendant's alcohol dependency and who had been subpoenaed as a witness, was unavailable to testify due to an illness. Although defense counsel stated that the witness was not a res gestae witness and was not essential to the defense, defendant requested an adjournment to enable the witness to testify. The court denied the request. Before hearing defendant's testimony and after listening to defendant explain that the testimony of the proposed witness was proffered to establish that defendant was diagnosed as an alcoholic, the court concluded that the proffered testimony was unnecessary in light of the parties' stipulation to the bottle's alcoholic contents and to admission of a document indicating defendant's alcoholism.

During opening argument, defense counsel argued that defendant should be acquitted because he was an alcoholic and at the time of the offense was too inebriated to have knowingly and intentionally brought the bottle of alcohol into the center. After hearing the testimony, the trial court, without objection, instructed the jury that specific intent was required to convict defendant of possessing liquor in prison. However, the court did not instruct on intoxication as a defense, and defense counsel made no request. The jury returned a guilty verdict. Defendant subsequently

pled guilty to being an habitual offender, fourth offense, and was sentenced.

II

On appeal, defendant argues that the trial court abused its discretion in denying defendant's request for an adjournment, that defense counsel's failure to request an instruction on intoxication as a defense amounted to ineffective assistance of counsel, and that the trial court erred by not instructing the jury, sua sponte, on intoxication as a defense.

Each of defendant's arguments turns on the question of whether possession of liquor in prison, MCL 800.281; MSA 28.1621, is a specific intent crime. We do not believe that it is.

In resolving disputed interpretations of statutory language, it is the function of the reviewing court to effectuate legislative intent. If the language of the statute is clear and its meaning unambiguous, a common-sense reading of the statute will suffice and no interpretation is necessary. *Karl v Bryant Air Conditioning Co,* 416 Mich 558, 567; 331 NW2d 456 (1982); *State Farm Mutual Automobile Ins Co v Wyant,* 154 Mich App 745, 749-750; 398 NW2d 517 (1986). We find the language of the statute which proscribes the possession of liquor in prison, MCL 800.281; MSA 28.1621, to be clear and unambiguous. Therefore a common-sense reading of the statute will suffice.

A common-sense reading of this statute does not lead to the conclusion that proof of specific intent is required for a conviction. MCL 800.281(3); MSA 28.1621(3) provides: "Except as provided in section 2 [medical prescription], a person shall not bring any alcoholic liquor, prescription drug, poison, or controlled substance into or onto a correctional

facility." The preface to this act states that the purpose of the act is to prohibit or limit access by inmates to certain weapons, alcoholic liquors, and drugs.[1] Read as a whole, the language of the statute does not support the proposition that the Legislature intended specific intent to be an element of the crime. Conspicuously absent from this language are words such as "knowingly," "wilfully" and "intentionally," which are words traditionally found in specific intent statutes. Moreover, because proof of the crime rests on a substantial overt act and fully consummated offense, a defendant runs little danger of being convicted on slight evidence. See *People v Langworthy,* 416 Mich 630, 645; 331 NW2d 171 (1982). Accordingly, there is no need to read into the statute a requirement to prove specific intent. *Id.*

The decision to grant a motion for trial adjournment rested in the trial court's sound discretion, which decision will not be reversed absent an abuse of discretion resulting in prejudice to the accused. *People v Gross,* 118 Mich App 161, 164; 324 NW2d 557 (1982). Because the parties stipulated to admission of documentary evidence establishing defendant's problem with alcoholism, the proffered testimony regarding defendant's alcoholism and blackouts was merely cumulative. The proffered testimony was also irrelevant, since specific intent was not required for proof of the crime

---

[1] The preface reads:

An Act to prohibit or limit the access by prisoners and by employees of correctional facilities to certain weapons and to alcoholic liquor, drugs, medicines, poisons, and controlled substances in, on, or outside of correctional facilities; to prohibit or limit the bringing into or onto certain facilities and real property, and the disposition of, certain weapons and substances; to prohibit or limit the selling, giving, or furnishing of certain weapons and substances to prisoners; to prohibit the control or possession of certain weapons and substances by prisoners; and to prescribe penalties. [1909 PA 17, as amended by 1977 PA 164.]

and a showing of defendant's alcoholism would only have been useful to prove inability to form specific intent. Therefore it was not an abuse of discretion for the trial court to deny defendant's motion for adjournment.

There is no merit to the argument that defense counsel rendered ineffective assistance of counsel when failing to request a jury instruction on the defense of intoxication. Because the crime charged was not a specific intent crime, the instruction was unnecessary and would not have affected defendant's chances for acquittal. *People v Lyles,* 148 Mich App 583, 596; 385 NW2d 676 (1986).

Similarly, because the defense of intoxication would not have negated a showing of general intent, the trial court's omission to instruct, sua sponte, on the intoxication defense would not have affected the outcome of defendant's case. Moreover, the trial court's erroneous instruction on specific intent afforded defendant more protection than the statute required. Therefore, any error in the trial court's omission to instruct on intoxication was harmless. MCR 2.613.

Affirmed.