PEOPLE v HENRY

Docket No. 214152. Submitted November 3, 1999, at Detroit. Decided
    December 17, 1999, at 9:05 A.M. Leave to appeal sought.

Scott Henry was convicted by a jury in the Oakland Circuit Court,
    Nanci J. Grant, J., of discharge of a firearm in an occupied struc-
    ture and possession of a firearm during the commission of a felony.
    The charges arose out of the defendant's discharging of a firearm in
    the presence of his wife and son in the marital home and while the
    defendant was intoxicated. Before trial, the prosecution requested
    that the trial court determine whether the crime of discharge of a
    firearm in an occupied structure is a specific or general intent
    crime. When the trial court held that the crime is a general intent
    crime, the prosecution requested the court to direct defense coun-
    sel not to argue an intoxication defense and to instruct the jury
    pursuant to CJI2d 6.1, which instructs the jury that voluntary intox-
    ication is not a defense to the charged crime. The court responded
    that it would not restrict argument concerning intoxication and
    that it did not intend to instruct the jury that the crime is a specific
    intent crime. Defense counsel argued in his opening statement that
    the evidence established that defendant's intoxication left him una-
    ble to form the intent necessary to commit the charged crimes and
    presented proofs during the trial that the defendant was intoxi-
    cated, including the defendant's testimony that as a result of his
    intoxication he could not remember the events that occurred at his
    house. At the close of proofs, the prosecution requested that the
    court reconsider its prior ruling that it would not instruct the jury
    that voluntary intoxication is not a defense to the offense of dis-
    charge of a firearm in an occupied structure. The court reversed its
    prior ruling and stated that it would instruct the jury that voluntary
    intoxication is not a defense to the charged offenses. Despite that
    ruling, defense counsel argued during closing arguments that the
    defendant's intoxication prevented the defendant from engaging in
    conscious activity or from forming an intent to discharge a firearm.
    The court instructed the jury pursuant to CJI2d 6.1. The defendant
    appealed by delayed leave granted.

The Court of Appeals held:

1. The defendant's assertion that the trial court erred in holding
    that the offense of discharge of a firearm in an occupied structure

is not a specific intent crime is rejected. Although the statute, MCL 750.234b(2); MSA 28.431(2)(2), speaks in terms of an "individual who intentionally discharges a firearm," the intent spoken of is the intent to do the physical act. Because the statute does not require proof of an intent to cause a particular result or an intent that a specific consequence occur as a result of the performance of the prohibited act, but requires only proof that a defendant intentionally discharged a firearm, the trial court correctly concluded that the crime of discharge of a firearm in an occupied structure is a general intent crime and, therefore, that intoxication is not a defense.

2. The defendant argues that he was denied effective assistance of counsel by reason of trial counsel's assertion of the defense of intoxication despite the trial court's pretrial ruling that the offense of discharging a firearm in an occupied structure is not a specific intent crime. Under the circumstances of this case, it cannot be said that trial counsel's continued assertion of an intoxication defense was unreasonable. Although the trial court did rule before trial that the offense of discharge of a firearm in an occupied structure is not a specific intent crime, the court also indicated that it did not intend to instruct the jury that voluntary intoxication is not a defense to the charged crimes. The defendant's trial counsel could have decided as a matter of sound trial strategy that without such an instruction the jury might from the evidence and argument conclude that the defendant could not have intentionally discharged the firearm because of his intoxication. Accordingly, the trial counsel's decision to present an intoxication defense was a matter of trial strategy that should not be judged in hindsight. When, at the close of proofs, the trial court reversed its decision relative to giving the intoxication instruction, the defendant's trial counsel was confronted with a problem caused by the fact that the trial defense had focused on the intoxication defense during the course of the trial. Under the circumstances, it cannot be said that counsel's decision to continue to argue the intoxication defense despite the knowledge that the court was intending to give an intoxication instruction was an unwarranted trial strategy. In any event, the defendant has not demonstrated that he was prejudiced by his trial counsel's use of the intoxication defense or that there was a reasonable probability that a different outcome would have resulted from the adoption of some other defense.

3. No manifest injustice resulted from the trial court's failure to reiterate its instructions regarding the jury's consideration of the lesser offense of reckless use of a firearm immediately before the jury retired for its deliberations. The court properly instructed the

jury concerning its consideration of the lesser offense, and the failure to reiterate that instruction immediately before the jury retired for deliberations was not error.

Affirmed.

CRIMINAL LAW — DISCHARGE OF FIREARM IN OCCUPIED STRUCTURE — INTENT — DEFENSES — INTOXICATION.

The offense of intentionally discharging a firearm in an occupied structure is a general intent crime for which the defense of voluntary intoxication is not available (MCL 750.234b[2]; MSA 28.431[2][2]).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *David G. Gorcyca*, Prosecuting Attorney, *Daniel L. Lemisch*, Chief, Appellate Division, and *Anica Letica*, Assistant Prosecuting Attorney, for the people.

*Thomas P. Rabette, J.D., P.C.* (by *Thomas P. Rabette*), for the defendant on appeal.

Before: CAVANAGH, P.J., and DOCTOROFF and O'CONNELL, JJ.

PER CURIAM. After a jury trial, defendant was convicted of discharge of a firearm in an occupied structure, MCL 750.234b(2); MSA 28.431(2)(2), and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to one to four years' imprisonment for the discharge of a firearm conviction and two years' imprisonment for the felony-firearm conviction. Defendant appeals by delayed leave granted. We affirm.

The instant charges arose out of defendant's discharge of a firearm in his home, in the presence of his wife and son. On the night in question, defendant returned home after spending several hours at a bar. There was substantial evidence that defendant was intoxicated. Defendant and his wife had an argument

upon his return home. During the argument, defendant lay on his bed and told his wife to leave him alone. At that point, defendant's wife told defendant that he had no self-control. In response, defendant stated something to the effect of, "I'll show you self-control," and retrieved a handgun from a dresser drawer. Defendant put a clip in the gun and fired the gun at the bedroom wall. Defendant's wife and young son fled to a neighbor's house, from which they called the police. The police searched defendant's house and found the gun outside the house, hidden under the deck.

At trial, defendant asserted a voluntary intoxication defense. Defendant testified that he could not remember the events that occurred in his home because of his intoxication and that he was unaware that the gun was discharged in his home until after he arrived at the police station. The jury found defendant guilty as charged.

Defendant first argues that the trial court erred in ruling that the crime of discharge of a firearm in an occupied structure, MCL 750.234b(2); MSA 28.431(2)(2), is a general intent crime and, therefore, that voluntary intoxication was not a defense. We disagree. This issue presents a question of law, which we review de novo. *People v Connor*, 209 Mich App 419, 423; 531 NW2d 734 (1995).

MCL 750.234b(2); MSA 28.431(2)(2) provides:

> An individual who intentionally discharges a firearm in a facility that he or she knows or has reason to believe is an occupied structure in reckless disregard for the safety of any individual is guilty of a felony, punishable by imprisonment for not more than 4 years, or a fine of not more than $2,000.00, or both.

"Specific intent is defined as a particular criminal intent beyond the act done, whereas general intent is merely the intent to perform the physical act itself." *People v Lardie*, 452 Mich 231, 240; 551 NW2d 656 (1996). " '[T]he most common usage of "specific intent" is to designate a special mental element which is required above and beyond any mental state required with respect to the *actus reus* of the crime.' " *People v Langworthy*, 416 Mich 630, 639, n 9; 331 NW2d 171 (1982), quoting LaFave & Scott, Criminal Law, § 28, p 202. A general intent crime only requires proof that the defendant purposefully or voluntarily performed the wrongful act. *Lardie, supra* at 241.

To determine whether an offense constitutes a specific intent crime, this Court must look to the intent of the Legislature. *People v Bartlett*, 231 Mich App 139, 160; 585 NW2d 341 (1998). To determine the Legislature's intent, we first look to the specific language of the statute. *Id.* Here, the statute prohibits "intentionally discharg[ing]" a firearm in an occupied structure. The intent to do the physical act, that is, the intent to discharge a firearm in an occupied structure, satisfies the intent element of the statute. The statute does not require any criminal intent beyond the act done, such as the intent to injure a person or damage property by discharging a firearm. All that is required is proof that defendant purposefully or voluntarily, in other words, "intentionally," discharged a firearm in an occupied structure. *Lardie, supra* at 241.

This Court has stated that "[w]ords typically found in specific intent statutes include 'knowingly,' 'willfully,' 'purposely,' and 'intentionally.' " *People v Davenport*, 230 Mich App 577, 580; 583 NW2d 919 (1998);

see also *People v Norman*, 176 Mich App 271, 275; 438 NW2d 895 (1989). However, we do not believe the use of the word "intentionally" in MCL 750.234b(2); MSA 28.431(2)(2) indicates that the Legislature intended the offense to require a specific intent. Rather, the use of the word "intentionally" in MCL 750.234b(2); MSA 28.431(2)(2) was intended to prevent an innocent or accidental discharge of a firearm in an occupied structure from constituting a crime. See *People v Karst*, 138 Mich App 413, 416; 360 NW2d 206 (1984) ("In other cases, this Court has reasoned that where the knowledge element of an offense is necessary simply to prevent innocent acts from constituting crimes, the knowledge element is merely a general intent requirement and the offense is not a specific intent crime to which voluntary intoxication is a defense.") See also 21 Am Jur 2d, Criminal Law, § 130, p 215 ("In the absence of qualifying provisions, the terms 'intent' and 'intentional' in a criminal statute refer to general criminal intent.")

Here, because the statute does not require proof of the intent to cause a particular result or the intent that a specific consequence occur as a result of the performance of the prohibited act, but only requires proof that defendant intentionally discharged the firearm, the trial court correctly concluded that the crime of discharge of a firearm in an occupied structure is a general intent crime.

Defendant next argues that he was denied the effective assistance of counsel because defense counsel asserted a voluntary intoxication defense at trial despite the trial court's ruling that discharge of a firearm in an occupied structure is not a specific intent crime. We disagree. To establish a claim of ineffective

assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that the representation prejudiced the defendant to the extent that it denied him a fair trial. *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994). To demonstrate prejudice, the defendant must show that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *People v Stanaway*, 446 Mich 643, 687-688; 521 NW2d 557 (1994). Defendant must overcome a strong presumption that counsel's assistance constituted sound trial strategy. *Id.* at 687. Because defendant did not move for a new trial or a *Ginther*[1] hearing, our review is limited to mistakes apparent from the record. *People v Barclay*, 208 Mich App 670, 672; 528 NW2d 842 (1995).

Voluntary intoxication is a defense only to a specific intent crime. *People v Maleski*, 220 Mich App 518, 521; 560 NW2d 71 (1996). Before trial, the prosecutor requested that the trial court determine whether the offense of discharge of a firearm in an occupied structure required a specific or a general intent. The trial court ruled as follows:

> All right. I haven't had—no case law presented to me. I've had nothing presented to me until, as I've got a jury panel waiting out—my ruling is, it's not a specific intent crime. Because it's not a specific intent crime, then the alcohol instruction as a defense will not be given.

The prosecutor then requested that the court direct defense counsel not to argue an intoxication defense

---

[1] *People v Ginther*, 390 Mich 436, 442-444; 212 NW2d 922 (1973).

and that the court give CJI2d 6.1, which instructs the jury that voluntary intoxication is not a defense to the charged crimes. In response, the trial court commented:

> No, you can argue—I don't have a problem with you arguing it because that's all it is, is argument. I'm more concerned about what this jury is going to be instructed with. And they're not going to be instructed that it's a specific intent crime.

Despite the trial court's ruling that discharge of a firearm in an occupied structure is not a specific intent crime, the trial court stated that it would not read CJI2d 6.1 to the jury. The trial court also denied defense counsel's request that the court instruct the jury with respect to CJI2d 6.2, which instructs the jury regarding intoxication as a defense to a specific intent crime.

In his opening statements, defense counsel argued that the evidence would show that defendant's intoxication left him unable to form the intent required for the offense of discharge of a firearm in an occupied structure. Thereafter, defense counsel presented evidence regarding defendant's intoxication on the night in question. At the close of the proofs, the prosecutor requested that the trial court reconsider its prior ruling that it would not instruct the jury that voluntary intoxication is not a defense to the offense of discharge of a firearm in an occupied structure. Upon reconsideration, the trial court reversed its prior ruling and stated that it would, in fact, instruct the jury that voluntary intoxication is not a defense to discharge of a firearm in an occupied structure. Despite that ruling, during closing arguments, defense counsel

argued that defendant's intoxication prevented him from engaging in "conscious activity" and, therefore, that he was incapable of forming the intent to discharge the firearm. Subsequently, the trial court instructed the jury, pursuant to CJI2d 6.1, that voluntary intoxication is not a defense to the charged crimes.

Defendant contends that defense counsel was ineffective because he pursued an involuntary intoxication defense despite the trial court's initial ruling that discharge of a firearm in an occupied structure is not a specific intent crime. However, under the circumstances of this case, we disagree. Before trial, although the trial court ruled that discharge of a firearm in an occupied structure is not a specific intent crime, it stated that it would not instruct the jury that voluntary intoxication is not a defense to the charged crimes. Without such an instruction, the jury could have concluded from the evidence and arguments presented that, because of his intoxication, defendant did not intentionally discharge the gun. Defense counsel's decision to present an intoxication defense was a matter of trial strategy. This Court will not second-guess counsel regarding matters of trial strategy and will not assess counsel's competence with the benefit of hindsight. *People v Rice (On Remand)*, 235 Mich App 429, 445; 597 NW2d 843 (1999).

Defendant also challenges defense counsel's decision to continue to argue the intoxication defense during his closing arguments, even after the trial court reversed its initial ruling regarding the intoxication instruction and indicated that it intended to instruct the jury that voluntary intoxication is not a defense to the crime of discharge of a firearm in an

occupied structure. Clearly, defense counsel was faced with a problem when the trial court reversed its initial ruling regarding the instruction after the presentation of proofs. Defense counsel had relied on the trial court's initial ruling that it would not instruct the jury that intoxication is not a defense to the crime at issue and presented evidence accordingly. Defense counsel's decision to continue to argue the intoxication defense despite the trial court's intention to instruct the jury regarding CJI2d 6.1 was a matter of trial strategy, which we will not second-guess. *Rice, supra* at 445. Furthermore, during defense counsel's closing argument, he also argued that the jury should consider the lesser charge of reckless discharge of a firearm and that the prosecution failed to carry its burden of proof with regard to each element of the charged offense. Under the unusual circumstances of this case, we are not convinced that defense counsel's representation fell below an objective standard of reasonableness. *Pickens, supra* at 302-303.

Furthermore, defendant has not shown that he was prejudiced by defense counsel's representation. *Pickens, supra.* Defendant contends that defense counsel was ineffective because he improperly focused on the intoxication defense and failed to present the defense of accident. However, in light of the uncontroverted testimony of defendant's wife that defendant stated "I'll show you self-control," retrieved the gun from a drawer, put the clip in the gun, and raised the gun toward the wall immediately before she heard the gun fire, it is not reasonably likely that the jury would have concluded that defendant accidentally fired the gun. Defendant has not shown a reasonable pro-

bability that the result of the proceedings would have been different had defense counsel presented an accident defense rather than focusing on the intoxication defense. *Stanaway, supra* at 687-688. Accordingly, we conclude that defendant was not denied the effective assistance of counsel.

Although defendant was not denied the effective assistance of counsel, we note that the trial court erred in initially ruling that it would not read CJI2d 6.1 to the jury, even after it concluded that discharge of a firearm in an occupied structure is a general intent crime, and even though it was aware that defendant intended to present a voluntary intoxication defense. In reliance on the trial court's ruling that it would not give CJI2d 6.1, defense counsel's presentation of proofs focused on the intoxication defense. While the trial court later corrected its ruling regarding CJI2d 6.1, it did so after the presentation of proofs. The trial court's error seriously undermined the defense. While such an error may be grounds for reversal in other circumstances, the error does not require reversal under the facts of this case. As stated above, in light of the evidence presented, it is not reasonably likely that the presentation of an accident defense would have changed the result of the proceedings. Furthermore, in addition to the intoxication defense, defense counsel argued during closing arguments that the prosecution failed to satisfy its burden of proof and urged the jury to consider the lesser charge of reckless discharge of a firearm. Under the facts of this case, no other defense had a reasonable chance of success. Thus, the trial court's error does not require reversal.

Finally, defendant contends that the trial court erred in failing to instruct the jury to consider the lesser offense of reckless use of a firearm, MCL 752.a863; MSA 28.436(24), immediately before the jury retired to deliberate. We disagree. Because defendant failed to object to the jury instructions at trial, he has waived any error unless relief is necessary to avoid manifest injustice. *People v Swint*, 225 Mich App 353, 376; 572 NW2d 666 (1997).

A trial court is required to instruct the jury concerning the law applicable to the case and to present the case fully and fairly to the jury in an understandable manner. MCL 768.29;　MSA 28.1052; *People v Mills*, 450 Mich 61, 80; 537 NW2d 909 (1995), mod 450 Mich 1212 (1995); *People v Daoust*, 228 Mich App 1, 14; 577 NW2d 179 (1998). Jury instructions should be considered as a whole rather than extracted piecemeal to establish error. *Id.* Even if the instructions were somewhat imperfect, there is no error if the instructions fairly presented the issues to be tried and sufficiently protected the defendant's rights. *Id.*

We find no manifest injustice here. The trial court instructed the jury regarding the elements of the lesser offense of reckless use of a firearm after the close of the proofs. The trial court also instructed the jury that it must consider the lesser offense if it could not agree that defendant was guilty of discharge of a firearm in an occupied structure. The fact that the trial court did not repeat the instructions regarding the lesser offense immediately before the jury retired to deliberate was not error.

Affirmed.