# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

ANDRE LARMAR HUNTER,

       Defendant-Appellant.

UNPUBLISHED
March 10, 2016

No. 324615
Wayne Circuit Court
LC No. 09-022865-FC

Before: SAAD, P.J., and SAWYER and HOEKSTRA, JJ.

PER CURIAM.

Following a jury trial, defendant appeals as of right his convictions for first-degree premeditated murder, MCL 750.316(1)(a), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to life imprisonment without the possibility of parole for the first-degree murder conviction and to two years' imprisonment for the felony-firearm conviction. Because any error in the trial court's jury instructions was harmless, the evidence was sufficient to support defendant's convictions, and defendant was not denied the effective assistance of counsel, we affirm.

In the early morning hours of January 25, 2009, David Hall, was shot to death outside the Tippin Inn Lounge in Detroit. With Hall at the time of the shooting was his girlfriend, Patrice Walker. At trial, Walker identified defendant as the shooter. In addition, the prosecution presented the jury with video surveillance footage and still photographs of the suspected shooter, which had been compiled by a police officer specializing in video forensics. These images showed a man in a yellow hoodie and black jacket following Hall and Walker out of the bar, toward Walker's car. Additional witnesses, including defendant's stepbrother, identified defendant as the suspect in the photographs. Defendant testified in his own defense. Defendant admitted that he was at the Tippin Inn Lounge on the night of the shooting, but he denied any involvement with the crime. A jury convicted defendant of first-degree premeditated murder and

felony-firearm.[1]  The trial court sentenced defendant as noted above.  Defendant now appeals as of right.

On appeal, defendant first argues that the trial court abused its discretion when it omitted paragraph (4) of M Crim JI 7.8 from the final jury instructions at trial.  Defendant asserts that this instruction applied because Walker provided police with descriptions of the shooter which were inconsistent with defendant's appearance.  She also told a witness at the scene that she did not see the shooter, and, when asked by police, Walker could not describe the suspect's complexion.  Given that Walker's identification testimony formed a central component of the prosecution's case, defendant maintains that the failure to read paragraph (4) requires reversal of his convictions.

Defendant objected to the omission of this instruction, thereby preserving his claim for appellate review.  *People v Sabin (On Second Remand)*, 242 Mich App 656, 657; 620 NW2d 19 (2000).  We review de novo underlying legal questions pertaining to jury instruction issues, and for an abuse of discretion the trial court's determination regarding the applicability of a jury instruction to the facts of the case.  *People v Gillis*, 474 Mich 105, 113; 712 NW2d 419 (2006).

"A criminal defendant is entitled to have a properly instructed jury consider the evidence against him."  *People v Dupree*, 486 Mich 693, 712; 788 NW2d 399 (2010) (citation omitted).  A trial court is required to instruct the jury on the law applicable to the case and to present the case to the jury in a clear and understandable manner.  *People v Henry*, 239 Mich App 140, 151; 607 NW2d 767 (1999).  Jury instructions must include all elements of the charged crime as well as all material issues, defenses, and theories if the evidence supports them.  *People v Wess*, 235 Mich App 241, 243; 597 NW2d 215 (1999).

This Court reviews jury instructions as a whole to determine whether error requiring reversal occurred.  *People v Bartlett*, 231 Mich App 139, 143; 585 NW2d 341 (1998).  Even when somewhat imperfect, an instruction is not grounds for setting aside a conviction if "the instruction fairly presented the issues to be tried and adequately protected the defendant's rights." *People v Kowalski*, 489 Mich 488, 501-502; 803 NW2d 200 (2011).  Moreover, "if an applicable instruction was not given, the defendant bears the burden of establishing that the trial court's failure to give the requested instruction resulted in a miscarriage of justice."  *People v McKinney*, 258 Mich App 157, 163; 670 NW2d 254 (2003) (citation omitted).  To make this determination, we examine the nature of the instructional error in light of the weight and strength of the untainted evidence, and reversal is only warranted if "it affirmatively appears more probable than not that the error was outcome determinative."  *Dupree*, 486 Mich at 712.  See also MCL 769.26.

---

[1] The jury trial in this case was defendant's third trial.  His first trial resulted in a mistrial. Following defendant's second trial, a jury convicted defendant of first-degree murder and felony-firearm, but his convictions were reversed on appeal due to a finding of ineffective assistance of counsel.  *People v Hunter*, 493 Mich 1015; 829 NW2d 871 (2013); *People v Hunter*, unpublished opinion of the Court of Appeals, issued September 12, 2013 (Docket No. 297542).

In this case, the trial judge's final jury instructions on identification included paragraphs (1), (2), (3), and (5) of M Crim JI 7.8. However, despite a request from defense counsel, the trial court failed to read paragraph (4), which provides:

[(4) You may also consider any times that the witness failed to identify the defendant, or made an identification or gave a description that did not agree with (his / her) identification of the defendant during trial.] [M Crim JI 7.08.]

The trial judge denied defense counsel's request, explaining that he would have given that instruction if there had been any evidence of "misidentification" presented during defendant's trial.

The trial court was correct in its recognition that there was no evidence that a witness misidentified another individual as the shooter or that a witness failed to identify defendant when, for example, presented with a photo array or line-up. Nonetheless, we are persuaded that paragraph (4), or at least a portion of this paragraph, was warranted in this case because there was evidence that Walker "gave a description that did not agree with [her] identification of the defendant during trial." For example, when speaking with police, Walker described a shorter individual than defendant. Walker also testified at trial that the shooter had been wearing a yellow hoodie and black jacket like the individual shown in the surveillance footage, while in contrast she initially described the shooter as wearing a black hoodie and a black jacket. Given these descriptions in conflict with Walker's identification of defendant during trial, the evidence supported the reading of M Crim JI 7.8(4).[2] And, because defense counsel requested the instruction, the trial judge abused its discretion when it denied that request. See *McKinney*, 258 Mich App at 163.

Nonetheless, defendant is not entitled to relief on appeal because he has not shown that it affirmatively appears more probable than not that the error was outcome determinative. *Dupree*, 486 Mich at 712. When the instructions are considered as a whole, although the trial court did not include paragraph (4) in particular, the trial court instructed the jury on witness credibility at length and included specific instructions on identification, including the requirement that the prosecutor prove identification beyond a reasonable doubt as well as various factors for assessing

---

[2] Defendant also argues that this instruction should have been read because, before trial, Walker failed to describe the shooter on two occasions. Specifically, at trial, Walker described the shooter as having the same complexion as defendant, but when police asked her to describe the shooter's complexion, she could not. In addition, the manager of the Tippin Inn Lounge testified that, immediately after the shooting, Walker told him that she had not seen the shooter. While these inconsistencies were certainly relevant to the question of Walker's credibility, we do not think they necessarily support the reading of paragraph (4). That is, Walker's failure to provide a description does not evince the giving of a description that does not match defendant, a failure to identify defendant, or an identification of someone other than defendant. In any event, even supposing this evidence supported the reading of paragraph (4), as discussed *infra*, any error in the omission of this instruction did not result in a miscarriage of justice. See *McKinney*, 258 Mich App at 163.

the dependability of the witnesses' identification testimony. The jurors were instructed to carefully consider the strengths and weaknesses of the identification testimony. And, with regard to credibility, the jury was told it could consider an earlier statement by the witness "in deciding whether the witness testified truthfully in court." Moreover, the jury was made fully aware of all of the inconsistencies in Walker's descriptions of the shooter, and defense counsel had the opportunity to cross-examine her regarding these inconsistencies and to challenge her credibility in closing arguments. In addition, Walker's testimony was not the only identification testimony presented to the jury. The jury also had the opportunity to consider in-court identifications of defendant as the suspected shooter in the still photographs extracted from the surveillance video footage. Indeed, the jury had the opportunity to view video footage and to examine the still photographs to make their own assessment of the suspect's identity. And, while defendant denied responsibility for the shooting, his own testimony placed him in the bar on the night in question. On this record, defendant has not shown that it affirmatively appears more probable than not that the failure to read paragraph (4) was outcome determinative. See *Dupree*, 486 Mich at 712. Thus, reversal is not required.

Next, defendant argues that the evidence presented was insufficient to support his convictions. In particular, defendant contends that the prosecutor presented insufficient evidence to establish defendant's identity beyond a reasonable doubt. He maintains that Walker's testimony was the only evidence to establish his identity as the shooter and that her testimony was too unreliable to support his convictions.

We review challenges to the sufficiency of evidence de novo. *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010). This Court reviews the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could have found each element of the charged crimes proved beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012). "Circumstantial evidence and reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime." *People v Williams*, 268 Mich App 416, 419; 707 NW2d 624 (2005). This Court resolves conflicts in the evidence in favor of the prosecution, and "we will not interfere with the trier of fact's determinations regarding the weight of evidence and the credibility of the witnesses." *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008).

To sustain a conviction of first-degree premeditated murder, the prosecution must prove that defendant (1) intentionally killed a person, with (2) premeditation and deliberation. *People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010). For a conviction of felony-firearm, the prosecution must show that defendant possessed a firearm during the commission, or the attempt to commit, a felony. *People v Akins*, 259 Mich App 545, 554; 675 NW2d 863 (2003). In addition, identity is an essential element of every offense. *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). Positive identification by witnesses may be sufficient to support a conviction, and the credibility of identification testimony is a question for the trier of fact that we will not resolve anew. *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000).

In this case, Walker witnessed the shooting, and she identified defendant as the shooter at trial. In addition, although the bar's manager claimed that Walker told him she did not see the shooter, Walker provided police with a description of the shooter at the scene. While there were some inconsistencies in Walker's description when compared with her trial testimony, she

-4-

explained to the jury that she calmed down the day after the shooting and provided a more accurate description, including a description of a yellow hoodie. The jury also heard that Walker identified defendant as the shooter during a photographic line-up. Although defendant attempts to rehash the reliability of Walker's identification on appeal, the credibility of Walker's identification testimony was a question for the jury. See *id.* Moreover, contrary to defendant's claim that Walker's testimony was the *only* evidence of his guilt, the jury was provided with still photographs taken from surveillance cameras depicting the suspected shooter and given the opportunity to make their own comparisons. Further, defendant's own testimony placed him in the bar on the night in question. And, Walker's identification testimony was also supported by the testimony of two other witnesses who were acquainted with defendant. These witnesses viewed the still photographs and identified the suspected shooter as defendant. Although defendant denied involvement in the shooting and presented witnesses to testify that the photographs did not depict defendant, the resolution of this conflicting evidence was a question for the jury. See *Unger*, 278 Mich App at 222. Viewed in a light most favorable to the prosecution, the evidence was sufficient to establish defendant's identity and to support his convictions for first-degree premediated murder and felony-firearm.

Finally, in his Standard 4 brief, defendant argues that defense counsel's failure to consult and/or call (1) a forensic video expert and (2) an identification expert constituted ineffective assistance of counsel and deprived him of a fair trial. Defendant speculates that such testimony would have been beneficial to his case and, at a minimum, he contends that consulting with such experts would have enabled defense counsel to conduct a more thorough cross-examination of the police officer who compiled the video footage and still photographs in this case.

Defendant failed to preserve this issue by bringing a timely motion for a new trial or moving for a *Ginther*[3] hearing in the lower court. *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). This Court's review of unpreserved ineffective assistance of counsel claims is limited to mistakes apparent on the record. *Id.* To establish ineffective assistance, the defendant must show "(1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *People v Douglas,* 496 Mich 557, 592; 852 NW2d 587 (2014) (quotation marks and citation omitted). There is a strong presumption that an attorney's assistance was effective, and the defendant bears the heavy burden of proving otherwise. *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009). "An attorney's decision whether to retain witnesses, including expert witnesses, is a matter of trial strategy." *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). "This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight." *Petri*, 279 Mich App at 411 (citation omitted). Moreover, a defendant bears the burden of establishing the factual predicate of an ineffective assistance claim. *Douglas,* 496 Mich at 592.

---

[3] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

Defendant argues that he was deprived of the effective assistance of counsel because defense counsel failed to consult and/or call (1) a forensic video expert to rebut the testimony of the prosecutor's video forensic expert, and (2) an identification expert regarding identification testimony. However, defendant has failed to establish the factual predicate of his claim. First, the record is devoid of any indication regarding whether counsel consulted with an identification expert or forensic video expert in preparation for trial. Second, defendant offers no proof that experts would have testified favorably to defendant if called. Cf. *People v Ackerman*, 257 Mich App 434, 455; 669 NW2d 818 (2003). Absent such proof, defendant has not shown that counsel's performance fell below an objective level of reasonableness or that retention of experts could have altered the outcome of the trial. See *id.*; *Payne*, 285 Mich App at 190. Thus, defendant has not shown he was denied the effective assistance of counsel.

Affirmed.

/s/ Henry William Saad
/s/ David H. Sawyer
/s/ Joel P. Hoekstra