# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee/Cross-Appellant,

v

TROY EDWARD THOMPSON,

      Defendant-Appellant/Cross-
      Appellee.

UNPUBLISHED
January 19, 2017

No. 326282
Calhoun Circuit Court
LC No. 2014-001104-FC

Before: O'CONNELL, P.J., and MARKEY and MURRAY, JJ.

PER CURIAM.

Defendant, Troy Edward Thompson, appeals as of right his convictions, following a jury trial, of two counts of second-degree criminal sexual conduct (CSC II), MCL 750.520c (multiple variables). The jury acquitted Thompson of first-degree criminal sexual conduct. The trial court sentenced Thompson to serve concurrent terms of 4 to 16 years' imprisonment for his convictions. This Court previously remanded for a *Ginther*[1] hearing regarding the effectiveness of defense counsel and, on remand, the trial court granted a new trial. The prosecution cross-appeals that decision by leave granted.[2] We affirm the trial court's decision to grant a new trial.

## I. FACTUAL BACKGROUND

The complainant and her family moved in with Thompson's family when the complainant was 13 years old. The complainant testified that Thompson engaged in sexual misconduct with her, including by touching her buttocks, breasts, and digitally penetrating her vagina. Thompson's wife testified that the complainant consistently and inappropriately sought out Thompson's attention and acted out when she did not receive it. Defense counsel argued that the complainant fabricated the allegations because she was angry about her unrequited romantic feelings for Thompson.

---

[1] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

[2] *People v Thompson*, unpublished order of the Court of Appeals, entered September 28, 2016 (Docket No. 326282).

-1-

Shortly before the trial, defense counsel indicated that he had received new information about the complainant, including that she had visited pornographic internet sites. He sought an adjournment to obtain an expert opinion and engaged a psychologist, Dr. Katherina Okla. Dr. Okla provided an affidavit in which she opined that forensic interviewing protocols with the complainant were seriously violated, and that the complainant was of an age that she was "highly sensitive to physical development and boundary issues which could easily have influenced [the complainant's] attention to, interpretation of and responses to events, in the context of increasing knowledge of and interest in sexuality." Dr. Okla further opined that such information "is essential for both investigators and . . . jurors when considering whether [the complainant] was *accurately* reporting actual experiences, as opposed to reporting what she came to believe was 'the truth' constructed under the influence of internal sources such as fantasy, and/or external sources of ideas and information from media."

While proceedings were adjourned, Thompson received new counsel. Successor defense counsel ultimately did not call Dr. Okla to testify at trial, did not use Dr. Okla's affidavit to cross-examine prosecution witnesses, and did not engage any other expert to challenge the complainant's credibility.

The jury found Thompson guilty as previously described. Thompson filed a claim of appeal with this Court, seeking remand for an evidentiary hearing on the basis that defense counsel provided ineffective assistance. Thompson predicated his claim on defense counsel's failure to offer Dr. Okla's expert testimony at trial. This Court granted the motion, limiting proceedings on remand "to the issue as raised in the motion to remand."[3]

At the *Ginther* hearing, successor defense counsel testified that he had a poor relationship with Dr. Okla. When asked why he did not at least use Dr. Okla's affidavit, counsel opined that Dr. Okla was biased toward the prosecution and he feared that the prosecution would take advantage of the document. When asked to identify anything in the affidavit that reflected Dr. Okla's alleged bias, defense counsel admitted error in that regard.

Dr. Okla's affidavit was admitted into evidence, but she did not testify at the *Ginther* hearing. Defense counsel called a different psychologist, who also opined that violated interview protocols likely distorted complainant's account of pertinent events. Following the hearing, the trial court found that counsel was ineffective for failing to make use of Dr. Okla or a similar expert at trial and determined that the error warranted a new trial.

## II. STANDARDS OF REVIEW

We review de novo whether the trial court followed the scope of a remand order. *Schumacher v Dep't of Natural Resources*, 275 Mich App 121, 127; 737 NW2d 782 (2007). We review for an abuse of discretion the trial court's decision to admit expert witness testimony. *People v Unger*, 278 Mich App 210, 216; 749 NW2d 272 (2008). The trial court abuses its

---

[3] *People v Thompson*, unpublished order of the Court of Appeals, entered October 29, 2015 (Docket No. 326282).

discretion when it "chooses an outcome that falls outside the range of reasonable and principled outcomes." *Id*. at 217. When reviewing an ineffective assistance of counsel claim, this Court reviews for clear error the trial court's findings of fact, and reviews de novo questions of law. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). A finding is clearly erroneous if, after reviewing the entire record, we are definitely and firmly convinced that the trial court made a mistake. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012).

### III. SCOPE OF REMAND PROCEEDINGS

The prosecution first argues that the trial court exceeded the scope of this Court's remand order by allowing the defense to call an expert other than Dr. Okla. We disagree.

"When a case is remanded by an appellate court, proceedings on remand are limited to the scope of the remand order." *People v Canter*, 197 Mich App 550, 567; 496 NW2d 336 (1992). This Court ordered that "[p]roceedings on remand are limited to the issue as raised in the motion to remand." *Thompson*, unpub order at 1.

We adopt the learned trial court's statements regarding the scope of the remand before it:

[T]he appeal specifically says a doctor, because that's the doctor that was involved in the underlying case for trial. The question on effective assistance of counsel is whether an expert was called. Clearly, one was identified and consulted, but they shouldn't have to be bound by that. I understand and it would be the perfect world for that to happen, but they shouldn't now be bound to call and have this Court determine someone's credibility with an underlying hostility and lack of cooperation because that's gonna impact how the Court views it and how the questioning happens and the opinions that are potentially issued. . . . [T]o me this is about whether or not the defense, in their discretion should have called an expert witness. It was Dr. Okla at the time, but underlying that, should an expert have been presented to the jury on behalf of the defense. . . .

We further note that the motion advises that, at the start of trial, defense counsel "asked for an adjournment so that a defense expert could be hired to evaluate the testimony and other evidence involving the complaining witness," citing case law in which this Court held that a failure to call an expert witness regarding witness questioning techniques constituted ineffective assistance. We conclude that the issue in the motion was not limited solely to Dr. Okla and conclude that the trial court did not exceed the scope of the remand by exploring whether successor defense counsel should have called another expert on the issue.

### IV. INEFFECTIVE ASSISTANCE OF COUNSEL

The prosecution also argues that the trial court erred by granting Thompson's motion for a new trial because Thompson did not demonstrate that successor defense counsel's reasons for failing to call Dr. Okla were unsound trial strategy. We disagree.

A criminal defendant has the fundamental right to effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20; *United States v Cronic*, 466 US 648, 654; 104 S Ct 2039; 80 L Ed 2d 657 (1984). To prove ineffective assistance of counsel, a defendant must show that

counsel's performance fell below an objective standard of reasonableness, and that the representation so prejudiced the defendant as to result in deprivation of a fair trial. *Strickland v Washington*, 466 US 668, 687-688, 690; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994).

The defendant must overcome the strong presumption that counsel's tactics were matters of sound trial strategy. *People v Henry*, 239 Mich App 140, 146; 607 NW2d 767 (1999). "Yet a court cannot insulate the review of counsel's performance by calling it trial strategy." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). We give defense counsel wide discretion in matters of trial strategy because counsel may be required to take calculated risks to win a case. *People v Pickens*, 446 Mich 298, 325; 521 NW2d 797 (1994). But counsel always retains the duty to make reasonable investigations and exercise professional judgment in matters related to the defense. *Trakhtenberg*, 493 Mich at 52-53.

In this case, the trial court found that defense counsel's stated reasons for failing to call Dr. Okla or another witness were illogical and incomprehensible. The trial court additionally found that the affidavit established that "[t]here were violations of the protocol up and down, over and over in this process that should have been explored and explained to the jury on behalf of the defense . . . ."

We are not definitely and firmly convinced that the trial court's finding that successor defense counsel acted unreasonably was a mistake. Successor defense counsel's stated reasons for failing to call Dr. Okla were contradicted by the contents of Dr. Okla's affidavit, as successor defense counsel himself admitted on reviewing the affidavit. The affidavit explores at length the violations of forensic interviewing protocol and additional issues that could have affected the complainant's recollection of events. This evidence supported Thompson's defense theory that the complainant fabricated the events out of bias or fantasy. No reasonable counsel could have reviewed Dr. Okla's affidavit and concluded that, under the circumstances, an expert opinion on forensic interviewing techniques and sources that may have influenced the complainant's recollections was unwarranted in this case, particularly given that this case hinged on the complainant's credibility. We conclude the trial court did not clearly err in finding that successor defense counsel's performance fell below an objective standard of reasonableness.[4]

The defendant must also show that "but for counsel's deficient performance, a different result would have been reasonably probable." *Trakhtenberg*, 493 Mich at 56 (quotation marks and citation omitted). The magnitude of the errors need not rise to the level of a preponderance of the evidence, and the magnitude of the errors is less when there is "relatively little evidence to support a guilty verdict to begin with (e.g., the uncorroborated testimony of a single witness) . . . ." *Id*. (quotations marks and citation omitted). Defense counsel's failure to introduce impeachment evidence may make a different result reasonably probable. See *id*.

---

[4] The prosecution's argument that defense counsel must have been effective because he obtained acquittals on some of the charges is unavailing. If anything, this fact establishes exactly how important the complainant's credibility was in this case, as discussed above.

We are not definitely and firmly convinced that the trial court erred when it found that counsel's error prejudiced Thompson. The uncorroborated testimony of a single witness, the complainant, was the sole support for the verdict in this case. Further, the jury's acquittal of Thompson on the most serious of the offenses underlines the importance of impeachment evidence and demonstrates that had successor defense counsel called Dr. Okla or another expert witness, a different result may have occurred on the remaining charges.

Our conclusion on this issue renders moot the remainder of Thompson's issues on appeal.

We affirm.

/s/ Peter D. O'Connell
/s/ Jane E. Markey
/s/ Christopher M. Murray