*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
March 13, 2025
10:27 AM

v

No. 368620
Crawford Circuit Court
LC No. 21-4825-FH

APRIL LYNN ANGLEMYER,

Defendant-Appellant.

Before: RIORDAN, P.J., and YATES and ACKERMAN, JJ.

PER CURIAM.

Law-enforcement officers entered the home of defendant, April Lynn Anglemyer, and her husband to execute valid arrest warrants for defendant's son and daughter. Defendant physically blocked the officers to keep them away from her children, so they both were able to escape arrest. For those actions, a jury convicted defendant of three counts of assaulting, resisting, or obstructing a police officer, MCL 750.81d(1). Defendant argues on appeal that there was insufficient evidence to support her convictions, that the trial court erred by admitting into evidence the arrest warrants for defendant's son and daughter and then allowing the prosecutor to describe those documents as felony warrants, that the trial court improperly admitted evidence that defendant was an "American National" who believed that laws did not apply to her, and that she received ineffective assistance of counsel before and during her trial. We affirm.

## I. FACTUAL BACKGROUND

On the evening of March 2, 2021, Deputy Chase Lohr from the Crawford County Sheriff's Department observed an off-road vehicle (ORV) traveling 39 miles per hour on Old U.S. 27. In response, Deputy Lohr caught up to the ORV and turned on his overhead lights, signaling the ORV to stop. But the ORV kept going until it arrived at a house located at 5944 Suzanne Avenue, where defendant and her husband lived.

After the ORV came to a stop, the passengers in the ORV—defendant's son and daughter— climbed out of the ORV and walked into the house through the side door even though Deputy Lohr repeatedly ordered both of them to stop. The driver of the ORV—Thomas Corbet—stayed in the

-1-

driveway, where Deputy Lohr questioned him about the identities of his passengers. While Deputy Lohr was talking to Corbet, defendant's husband came out of the house. Eventually, Deputy Lohr identified the two ORV passengers based on information from Corbet and defendant's husband as well as "prior contact with law enforcement at that residence."

Meanwhile, Officer James Scroggin from the Grayling City Police Department arrived on the scene, where he encountered "[d]efiance." Although Deputy Lohr "was trying to identify the occupants" of the ORV, defendant's husband told the officers "that he was a sovereign citizen, and that the laws didn't apply" to him. Shortly thereafter, Michigan State Police Trooper Adam Whited pulled into the driveway and joined the other uniformed officers at the scene. The three officers determined that the ORV passengers, i.e., defendant's son and daughter, both had warrants out for their arrest. Therefore, the three officers informed defendant's husband of the arrest warrants and subsequently attempted to enter the house to execute the outstanding warrants.

When the officers tried to enter the house, defendant's husband shut the door in their faces. The officers then opened the side door and went into the house, where they encountered defendant standing in the middle of the hallway physically blocking them and telling them they could not go any further. Ultimately, Deputy Lohr physically moved defendant backward so that the other two officers could get around her. While the officers searched the house for the two ORV passengers, defendant again blocked them, permitting defendant's daughter to escape out the back door of the house. The officers were not able to find defendant's son, so the arrest warrants were not executed. But defendant and her husband were both arrested, and each of them was charged with three counts of assaulting, resisting, or obstructing a police officer, MCL 750.81d(1), i.e., one count for each of the three officers at the scene.

Defendant and her husband were tried together on August 30, 2023. On the eve of the trial, defense counsel moved in limine to exclude the arrest warrants for defendant's son and daughter. Also, defense counsel sought to exclude evidence about "American National" involvement on the part of defendant and her husband. The trial court denied those requests, the evidence was admitted at trial, and defendant and her husband were convicted on all charges. Defendant appeals of right, challenging her convictions, but not her sentences of 2 days in jail and 12 months of probation.

## II. LEGAL ANALYSIS

On appeal, defendant argues that there was insufficient evidence to support her convictions, that the trial court erred by admitting the arrest warrants for her son and daughter, by allowing the prosecutor to refer to them as "felony warrants," and by admitting "American National" evidence, and that she received ineffective assistance of counsel before and during her trial. We shall address these arguments in turn.

### A. SUFFICIENCY OF THE EVIDENCE/GREAT WEIGHT OF THE EVIDENCE

Defendant claims there was insufficient evidence to support her convictions and describes her convictions as against the great weight of the evidence. This Court reviews de novo the claim of insufficient evidence. *People v Solloway*, 316 Mich App 174, 180; 891 NW2d 255 (2016). We must decide "whether the evidence was sufficient to justify a rational trier of fact's conclusion that the evidence proved the essential elements of the crime beyond a reasonable doubt." *Id*. When

doing so, we must " 'draw all reasonable inferences and make credibility choices in support of the jury verdict.' " *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018). "The test to determine whether a verdict is against the great weight of the evidence is whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Musser*, 259 Mich App 215, 218-219; 673 NW2d 800 (2003). "We review for an abuse of discretion a trial court's grant or denial of a new trial on the ground that the verdict was against the great weight of the evidence," and "[c]onflicting testimony and questions of witness credibility are generally insufficient grounds for granting a new trial." *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008).

Defendant faced charges of assaulting, resisting, or obstructing a police officer under MCL 750.81d(1). The elements required to prove that offense are "(1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person . . . was a police officer performing his or her official duties." *People v Corr*, 287 Mich App 499, 503; 788 NW2d 860 (2010). The word " '[o]bstruct' includes the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command." *Id*. (quotation marks and citation omitted). In addition, " 'the prosecution must establish that the officers' actions were lawful' as an element of resisting or obstructing a police officer under MCL 750.81d." *People v Quinn*, 305 Mich App 484, 491; 853 NW2d 383 (2014).

Defendant contends that, at her advanced age, she could not block the officers, but all the evidence in the record demonstrates that she stood in the officers' way to help her son and daughter avoid arrest. Deputy Lohr commented that he "had to physically move [defendant] backwards" to get past her as she blocked the officers, and when he saw defendant's daughter "at one point inside the house," the officers "were blocked again by defendant and Thomas Corbet," thereby enabling defendant's daughter "to exit out the back door with Thomas." Thus, defendant's efforts to block the officers from performing their duties enabled defendant's daughter to evade arrest on a valid warrant. The jury apparently believed the officers' testimony that defendant did not comply with their commands or allow them to perform their jobs. At no point in the trial court or on appeal has defendant asserted that the police officers were not lawfully engaged in the exercise of their official duties or that she did not know or have reason to know that they were police officers. Accordingly, the actions of defendant and her husband "basically being human blockades" constituted violations of MCL 750.81d(1) and manifestly supported defendant's convictions under that statute.

## B. ADMISSION OF EVIDENCE

Defendant faults the trial court for admitting into evidence the arrest warrants for her son and daughter and for permitting testimony that defendant was an "American National." Defendant also maintains that the trial court abused its discretion by allowing repeated references to the arrest warrants for her son and daughter as "felony warrants." We review a trial court's rulings regarding the admission of evidence for an abuse of discretion. *People v Bynum*, 496 Mich 610, 623; 852 NW2d 570 (2014). If the trial court's decision involves a preliminary question of law, the question is reviewed de novo. *People v Mardlin*, 487 Mich 609, 614; 790 NW2d 607 (2010). As a general rule, all relevant evidence is admissible, and irrelevant evidence is inadmissible. MRE 402. Under MRE 401, evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. We must apply these standards in determining whether the trial court properly admitted the warrants,

acted within its discretion in allowing the prosecutor to refer to the warrants as "felony warrants," and permissibly permitted testimony that defendant was an "American National."

### 1. ADMISSION OF THE ARREST WARRANTS

The prosecution had the burden to prove, beyond a reasonable doubt, every element of the crime of assaulting, resisting, or obstructing a police officer. Consequently, the prosecution had to "establish that the officers' actions were lawful as an element of resisting or obstructing a police officer under MCL 750.81d." *Quinn*, 305 Mich App at 491. The warrants for defendant's children were relevant to show that the officers acted lawfully when they entered the house to execute the valid warrants, which identified the address of defendant's children as the house where defendant lived. Because "an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within[,]" *Payton v New York*, 445 US 573, 603; 100 S Ct 1371; 63 L Ed 2d 639 (1980), both of the arrest warrants provided significant evidence that the officers acted lawfully when they entered the house to execute the arrest warrants for defendant's son and daughter. Thus, the arrest warrants were properly admitted into evidence at defendant's trial.

### 2. REFERENCES TO "FELONY WARRANTS"

Defendant insists that the arrest warrants were improperly described as "felony warrants," and this inaccurate description of the arrest warrants caused her prejudice. The trial court decided that the crimes identified in the arrest warrants were felonies. Specifically, defendant's daughter's arrest warrant referred to her failure to appear for a status conference, but she also faced a felony charge of obstruction of justice. Defendant's son's arrest warrant referred to a probation violation for a felony offense, thereby rendering the document a felony warrant. Thus, the trial court made no error in permitting the prosecutor to refer to the arrest warrants as felony warrants. Moreover, even if the trial court erred, such an error was harmless. Trial counsel conceded on the record that even if the arrest warrants were simply misdemeanor warrants, the police officers nonetheless had the authority to lawfully enter the house to execute the warrants. Finally, the arrest warrants were for defendant's son and daughter, as opposed to defendant herself, so any prejudicial effect of their admission was, at most, minimal.

### 3. EVIDENCE THAT DEFENDANT WAS AN AMERICAN NATIONAL

Defendant claims she was unfairly prejudiced by the admission of her husband's statements that they were "American Nationals," so laws did not apply to them. The trial court described the statements as admissions of a party opponent under MRE 801(d)(2)(A), which addressed hearsay concerns. The trial court deemed those statements relevant because they had a tendency to explain why defendant acted in a certain manner. Because MCL 750.81d is a general-intent crime, *People v Gleisner*, 115 Mich App 196, 200; 320 NW2d 340 (1982), the prosecutor was required to prove that defendant purposefully or voluntarily performed the wrongful act. *People v Henry*, 239 Mich App 140, 144; 607 NW2d 767 (1999). Thus, the evidence was relevant because it made it more likely that defendant intentionally stood in the hallway to obstruct the officers' attempts to arrest defendant's son and daughter because she believed the law did not apply to her. See MRE 401.

Defendant complains that her husband stated that "they were American Nationals," but she never identified herself as such. Her position is completely undercut by the representations made in her motion in limine to exclude that evidence at trial. Specifically, her motion in limine explains that "Defendants subscribe to a political belief that unless they voluntarily submit to the authority of the federal, state or local government, they are not subject to such authority." More importantly, the motion in limine states: "At various times in the body-cam videos taken by the officers present at the scene, the Defendants are heard making reference to being 'American National' or American Nationals." The references to "defendants" in the plural form leave no doubt that defendant joined in making statements and holding beliefs that the trial court properly deemed relevant. Therefore, the trial court did not abuse its discretion by admitting that evidence against defendant.

## C. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, defendant contends that she received ineffective assistance of counsel because her attorney submitted a tardy motion in limine. Constitutional issues arising from defendant's claim of ineffective assistance of counsel are reviewed de novo. *People v LeBlanc*, 465 Mich 575, 582; 640 NW2d 246 (2002). All findings of fact are reviewed for clear error. *Id*. at 583. But because no evidentiary hearing was held, our review "is limited to mistakes that are apparent on the record." *People v Mack*, 265 Mich App 122, 125; 695 NW2d 342 (2005).

To obtain relief on her claim of ineffective assistance of counsel, defendant must establish that (1) her "counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). Here, although the trial court chastised defense counsel for filing a motion in limine after the motion cutoff date, the trial court nonetheless addressed the merits of each aspect of the motion in limine and explained why the trial court would not exclude either the arrest warrants for defendant's son and daughter or the evidence concerning defendant's "American National" views. Accordingly, the tardy filing caused defendant no prejudice because she received a ruling on the merits of each issue. Further, because we have concluded that the trial court properly admitted that evidence, the timeliness of defense counsel's objections made no difference because the challenged evidence was admissible, with or without an objection, just as the trial court ruled.

Affirmed.

/s/ Michael J. Riordan
/s/ Christopher P. Yates
/s/ Matthew S. Ackerman