PEOPLE v SCOTT

Docket No. 87997. Submitted June 17, 1986, at Detroit. Decided
    September 9, 1986.

    Defendant, Emmett R. Scott, was convicted of receiving and
    concealing stolen property worth more than $100 following a
    bench trial in the Recorder's Court for the City of Detroit,
    Samuel C. Gardner, J. Defendant appeals alleging that the
    prosecutor failed to prove that defendant had the requisite
    guilty knowledge.

    The Court of Appeals *held:*

    The trial court did not err. The Court of Appeals, after
    viewing the evidence in a light most favorable to the prosecu-
    tion, concluded that a rational trier of fact could have found
    the element of guilty knowledge proven beyond a reasonable
    doubt.

    Affirmed.

1. Appeal — Sufficiency of Evidence — Bench Trials.

    The standard of review applicable to a claim regarding the
    sufficiency of the evidence in an appeal from a bench trial is
    whether, viewing the evidence in a light most favorable to the
    prosecution, a rational trier of fact could have found the
    crime's essential elements proven beyond a reasonable doubt.

2. Receiving Stolen Goods — Guilty Knowledge — Evidence.

    Guilty knowledge in receiving and concealing stolen property
    generally cannot be proven by direct evidence but must be
    inferred from all of the circumstances; guilty knowledge means
    not only actual knowledge, but also constructive knowledge
    through notice of facts and circumstances from which guilty
    knowledge may be inferred.

*Frank J. Kelley,* Attorney General, *Louis J.*

References

Am Jur 2d, Receiving and Transporting Stolen Property §§ 2, 9, 25-
    31.
What constitutes "constructive" possession of stolen property to
    establish requisite element of possession supporting offense of
    receiving stolen property. 30 ALR4th 488.

*Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Curtis W. Smith,* Assistant Prosecuting Attorney, for the people.

*Hoffa, Chodak & Robiner* (by *Norman R. Robiner*), for defendant.

Before: ALLEN, P.J., and WAHLS and M. WARSHAWSKY,* JJ.

PER CURIAM. Defendant was convicted of receiving and concealing stolen property worth more than $100, MCL 750.535; MSA 28.803, following a bench trial. He argues that the prosecutor failed to prove that defendant had the requisite guilty knowledge. We affirm.

On February 24, 1985, at 2:00 A.M., the police pulled defendant over for running a stop sign. Defendant could not produce registration for the van he was driving. He told the officers that he was working on the van and had had it for about six months. Upon a more thorough investigation, the officers observed that: the vehicle identification number plate was missing; a new ignition switch was hanging down under the dash, dangling from the wires; another ignition switch was lying on the floor; the federal sticker from the doorjamb was missing; the van had been recently painted; and the license plate was from another Ford van also being repaired in defendant's shop.

The standard for reviewing a sufficiency of the evidence claim in an appeal from a bench trial is whether, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found the crime's essential ele-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ments proven beyond a reasonable doubt. *People v Petrella,* 424 Mich 221, 268-270; 380 NW2d 11 (1985). The trial court used the above evidence to find the element of guilty knowledge. As this Court has noted, guilty knowledge generally cannot be proven by direct evidence but must be inferred from all the circumstances. *People v Salata,* 79 Mich App 415, 421; 262 NW2d 844 (1977). Guilty knowledge means not only actual knowledge, but also constructive knowledge through notice of facts and circumstances from which guilty knowledge may be inferred. *People v Tantenella,* 212 Mich 614, 621; 180 NW 474 (1920). The circumstances may justify the inference that a defendant received goods with the belief that they were stolen. *People v Wolak,* 110 Mich App 628, 632; 313 NW2d 174 (1981), lv den 414 Mich 940 (1982). Sufficient evidence to infer guilty knowledge was found in *People v Biondo,* 89 Mich App 96, 98; 279 NW2d 330 (1979), where it was evident that the ignition switch of a vehicle had been tampered with.

Viewing the evidence here in a light most favorable to the prosecution, we conclude that a rational trier of fact could have found the element of guilty knowledge proven beyond a reasonable doubt. The trial court did not err.

Affirmed.