# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

NEHEMIAH MILES MARTIN,

Defendant-Appellant.

UNPUBLISHED
September 13, 2018

No. 338952
Van Buren Circuit Court
LC No. 17-020841-FH

Before: MURRAY, C.J., and CAMERON and LETICA, JJ.

PER CURIAM.

Defendant appeals his jury convictions of unlawfully taking possession of and driving away a motor vehicle, MCL 750.413, and receiving or concealing a stolen motor vehicle, MCL 750.535(7). Defendant was sentenced as a second-offense habitual offender, MCL 769.10, to 163 days in jail for the unlawfully taking possession of and driving away a motor vehicle conviction, and 163 days in jail for the receiving or concealing a stolen motor vehicle conviction. Defendant raises two issues on appeal. First, defendant challenges whether there was sufficient evidence presented at trial to prove the requisite intent elements of each charge beyond a reasonable doubt. Second, defendant challenges whether he received effective assistance of counsel due to his trial counsel's failure to object or move for a mistrial following the testimony of a police officer who referenced defendant's exercise of his right to remain silent. Both arguments are without merit, and therefore, we affirm.

Defendant's convictions arise from a vehicle stolen on November 28, 2016. That evening, the victim drove his vehicle to a hardware store. He entered the store, leaving the vehicle running while he shopped inside. The vehicle was gone when he exited the store. Several days later, defendant was arrested while in possession of the vehicle. The arresting officer read defendant his *Miranda*[1] warnings, and defendant chose to remain silent.

---

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

Defendant first claims that there was insufficient evidence to support his convictions. A defendant's challenge to the sufficiency of the evidence is reviewed de novo. *People v Henderson*, 306 Mich App 1, 8; 854 NW2d 234 (2014). All evidence is viewed in the light most favorable to the prosecution and we must determine "whether any rational trier of fact could have found that the essential elements of the crime charged were proven beyond a reasonable doubt." *People v Lundy*, 467 Mich 254, 257; 650 NW2d 332 (2002). "[C]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v McKinney*, 258 Mich App 157, 165; 670 NW2d 254 (2003) (quotation marks and citation omitted; alteration in original). "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). Moreover, this Court will not interfere with the jury's role of "decid[ing] the weight and credibility to be given to [a witness's] testimony." *Id*. at 431 (quotation marks and citation omitted).

The elements of unlawfully taking possession of and driving away a motor vehicle, MCL 750.413, are: "(1) possession of a vehicle, (2) driving the vehicle away, (3) that the act is done wilfully, and (4) the possession and driving away must be done without authority or permission." *People v Hendricks*, 200 Mich App 68, 71; 503 NW2d 689 (2003). Additionally, the "[d]efendant must have intended to take unlawful possession of the vehicle and drive or take it away, knowing that he had no authority to do so." *People v Crosby*, 82 Mich App 1, 2; 266 NW2d 465 (1978).

Pursuant to MCL 750.535(7), "[a] person shall not buy, receive, possess, conceal, or aid in the concealment of a stolen motor vehicle knowing, or having reason to know or reason to believe, that the motor vehicle is stolen, embezzled, or converted." Thus, to prove that defendant is guilty of receiving or concealing a stolen motor vehicle, the prosecution must prove the following elements beyond a reasonable doubt:

(1) That some property was stolen.

(2) The defendant bought, received, possessed, concealed, or aided in the concealment of that property.

(3) The defendant knew or had reason to know or reason to believe that the property was stolen when he bought, received, possessed, concealed, or aided in the concealment of it.

(4) That the property was a motor vehicle. [See M Crim JI 26.1.]

The trial court's instructions were consistent with the Model Criminal Jury Instructions.

"Guilty knowledge, as with most states of mind, cannot generally be proved by direct evidence absent admission by the defendant." *People v Westerfield*, 71 Mich App 618, 621; 248 NW2d 641 (1976). Rather, "it must usually be inferred from all of the various circumstances of the case." *Id.* "Guilty knowledge means not only actual knowledge, but also constructive knowledge through notice of facts and circumstances from which guilty knowledge may be inferred." *People v Scott*, 154 Mich App 615, 617; 397 NW2d 852 (1986).

In this case, police found defendant in possession of the stolen vehicle five days after it was reported stolen. According to the patrol officer, defendant had "no response" when informed that he was driving a stolen vehicle. Evidence admitted at trial included items found inside the car and surveillance footage from the Blue Chip Casino. Additionally, defendant's own testimony established that he was in possession of the stolen vehicle as early as December 1, 2016, three days after it was reported stolen. Registration documents that listed the lawful owner of the vehicle were present in the vehicle the entire time defendant had possession of it. Although this evidence is circumstantial, circumstantial evidence and reasonable inferences can be sufficient to prove the elements of a crime. See *McKinney*, 258 Mich App at 165. Although defendant challenges the strength of this evidence, this Court will not interfere with the jury's role of determining the weight of the evidence or credibility of witnesses. See *id*. Reviewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have concluded beyond a reasonable doubt that defendant unlawfully took possession of and drove away a motor vehicle within the meaning of MCL 750.413, and received or concealed a stolen motor vehicle within the meaning of MCL 750.535(7).

Defendant next claims that he was denied the effective assistance of counsel. "Whether a defendant received ineffective assistance of trial counsel presents a mixed question of fact and constitutional law." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011). We review factual findings, if any, for clear error. *Id*. We review questions of constitutional law de novo. *Id*. When, as in this case, the trial court has not held a *Ginther*[2] hearing, our review is limited to "errors apparent on the record." *People v Knapp*, 244 Mich App 361, 385; 624 NW2d 227 (2001).

A defendant claiming ineffective assistance of counsel must demonstrate that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001) (quotation marks and citation omitted). To prove that counsel's performance was deficient, defendant must show that counsel's performance fell "below an objective standard of reasonableness under prevailing professional norms . . . ." *People v Rice (On Remand)*, 235 Mich App 429, 444; 597 NW2d 843 (1999). Therefore, "defendant must overcome a strong presumption that the assistance of his counsel was sound trial strategy." *Id*. To prove that counsel's performance prejudiced the defense, defendant must show "a reasonable probability that, but for counsel's error," the outcome of the trial would have been different. *Carbin*, 463 Mich at 600. "A reasonable

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

-3-

probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 600 (quotation marks and citation omitted).

Defendant claims that he was denied the effective assistance of counsel when defense counsel failed to object to the prosecutor eliciting police testimony about defendant's exercise of his *Miranda* rights, and his subsequent failure to move for a mistrial. "*Miranda* warnings carry an implicit assurance that silence in reliance on those warnings will not be penalized[.]" *People v Dennis*, 464 Mich 567, 574; 628 NW2d 502 (2001) (quotation marks and citation omitted). Thus, "[i]t is generally inappropriate for the prosecution to comment regarding an accused's exercise of the constitutional privilege against self-incrimination." *People v Truong*, 218 Mich App 325, 336; 553 NW2d 692 (1996).

Defendant's claim arises from the prosecutor's direct examination of Deputy Chris Smith of the Dickinson County Sheriff's Office. During the direct examination, Deputy Smith specifically stated that defendant was read his *Miranda* warnings and chose to remain silent. At the end of the prosecution's examination of Deputy Smith, the trial court, sua sponte, provided a curative instruction, instructing the jury not to infer anything from defendant's decision to remain silent. Defense counsel found the curative instruction sufficient to address the references to defendant's silence.

Defense counsel's decision not to object or move for a mistrial could have been trial strategy. "[T]here are times when it is better not to object and draw attention to an improper comment." *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008) (quotation marks and citation omitted). Defense counsel could have reasonably believed that objecting to Deputy Smith's testimony would have drawn greater attention to the subject and therefore increased its negative impact. We do not "second-guess counsel regarding matters of trial strategy . . . ." *Rice (On Remand)*, 235 Mich App at 445. Moreover, defense counsel could have reasonably concluded that an objection was not necessary. The references to defendant's silence came exclusively from Deputy Smith's nonresponsive answers to the prosecutor's questions, to which the trial court quickly provided a curative instruction. "Curative instructions are sufficient to cure the prejudicial effect of most inappropriate prosecutorial statements, and jurors are presumed to follow their instructions." *Unger*, 278 Mich App at 235 (citations omitted).

Even if we were to assume that defense counsel's performance was deficient, defendant cannot prove that, but for counsel's failure to object or move for a mistrial, the outcome of the trial would have been different. See *Carbin*, 463 Mich at 600. First, there was sufficient evidence presented at trial for the jury to reasonably conclude that the defendant unlawfully took the vehicle. Defendant was found in possession of the vehicle shortly after it was stolen. Evidence presented at trial, as well as defendant's own testimony, established that defendant was in possession of the vehicle for several days before he was pulled over by police. Defendant testified as to his own version of events, and the jury was free to find that defendant's testimony lacked credibility. See *Hardiman*, 466 Mich at 428. Second, the trial court gave a curative instruction shortly after the witness testified that defendant had exercised his right to remain silent. The jurors are presumed to have followed this instruction and to not have inferred anything from the fact that defendant chose to remain silent. See *Unger*, 278 Mich App at 235. This instruction was therefore sufficient to cure any prejudicial effect that Deputy Smith's comments may have otherwise had. See *id*. For the foregoing reasons, defendant cannot show

that the outcome of the trial would have been different if defense counsel had objected or moved for a mistrial. Therefore, we find that defendant was not denied the effective assistance of counsel.

Affirmed.

/s/ Christopher M. Murray
/s/ Thomas C. Cameron
/s/ Anica Letica